453 P.2d 402

**Celeste BOTT, Plaintiff and Appellant,**

v.

**Mary Turner BOTT, Defendant and Respondent.**

**No. 11266.**

Supreme Court of Utah.
June 6, 1969.

Paul N. Cotro-Manes, Lauren N. Beasley, of Cotro-Manes, Fankhauser & Beasley, Salt Lake City, for appellant.

Ronald N. Boyce, Salt Lake City, of Salt Lake County Bar Legal Services, for respondent.

CALLISTER, Justice:

Celeste Bott appeals from an order of the trial court finding him in contempt for failure to comply with a provision contained in a decree of divorce.

The divorce decree under consideration made a division of the real and personal property of the parties and then provided:

1. Art. I, Sec. 16.

2. 21A Words & Phrases, In Lieu Of.

· · That in lieu of alimony the plaintiff [Mr. Bott] is ordered to pay to the defendant the sum of $2400.00 payable at the rate of $200.00 per month for one year without interest.

It was for noncompliance with this provision that Mr. Bott was found in contempt and sentenced to jail for 15 days. He contends that this provision is but a money judgment and that his refusal to pay the same may not be punished by contempt of court because to do so would amount to imprisonment for debt contrary to the Constitution of the State of Utah.[1]

He concedes that failure to pay alimony or support money may be so punished. However, he takes the position that the words "in lieu of alimony" negate the possibility that the award was alimony and conclusively make it a lump sum property settlement and only enforceable as such.

"In lieu of" means instead of, in place of, in substitution of, etc.,[2] and, at first blush, Bott's contention would seem to be correct. However, as stated by the Illinois Court:

It is not the label placed by decree upon payments which constitutes them either alimony or lump sum property settlements; it is the elements inherent in the case as a whole, the record of which the decree is a part, which determine to what category such payments belong.[3]

3. Walters v. Walters, 341 Ill.App. 561, 94 N.E.2d 726, 732 (1950), aff'd, 409 Ill. 298. 99 N.E.2d 342 (1951).

The foregoing principle was applied by this court in Lyon v. Lyon.[4] In that case the wife had been awarded, among other things, the sum of $5000 payable in instalments. It was designated in the divorce decree as a property settlement. No mention was made of alimony. The question presented was whether this was a debt dischargeable in bankruptcy. The court held that it was not and stated that. "The real issue in this case is not * * * whether the award of the divorce decree was alimony or a property settlement, but rather whether the 'property settlement' was really an award for the support and maintenance of the defendant's wife."

From the record in the instant case it appears that the Botts were married for only about four years. It was his third marriage and her fourth. There were no children. The divorce decree, in addition to the award of $2400, contained other provisions relating to the division of property. It awarded to Mr. Bott all of the real property which he had acquired prior to the marriage; each party was awarded his separate bank and savings accounts which each had prior to the marriage; and each was awarded certain items of personal property.

█ In spite of the use of the words "in lieu of alimony" it would appear that the award of $2400 was for the support and maintenance of Mrs. Bott and, therefore, in the nature of alimony. It was a lump sum award in settlement of alimony. This conclusion finds support in the rulings of two district judges.[5]

Bott's contentions relating to the insufficiency of the evidence, double jeopardy and unlawful increase in the sentence are without merit.

█ Also without merit is his complaint that the court below erred in enjoining him from prosecuting a separate civil action against his former wife wherein he seeks to recover certain items of personal property. These items consisting of pinking shears, glue, pencils, pillows, etc., were fully disposed of in a memorandum decision by the judge who awarded the divorce.

Affirmed. Costs to defendant.

CROCKETT, C. J., and TUCKETT, and HENRIOD and ELLETT, JJ., concur.

4. 115 Utah 466, 206 P.2d 148 (1949). See also: Erickson v. Beardall, 20 Utah 2d 287, 437 P.2d 210 (1968).

5. Bott had previously been held in contempt for failure to make payments on the $2400 award, but this court reversed because a supporting affidavit had not been filed as required by 78–32–3, U.C.A. 1953. Bott v. Bott, 20 Utah 2d 329, 437 P.2d 684 (1968). In this first contempt proceeding the trial judge, in his findings, referred to the award as an "alimony settlement."