Twyla Young HAMILTON and Heidi Hamilton, a minor, Plaintiffs,

v.

Stephen Alvin REGAN, Defendant and Appellant.

Child Support Enforcement Co., Intervenor and Appellee.

No. 950521.

Supreme Court of Utah.

May 2, 1997.

Kendall Peterson, Salt Lake City, for defendant and appellant.

Michelle Blomquist, Douglas C. McDougal, Stacie M. Smith, Taylorsville, for intervenor and appellee..

DURHAM, Justice:

Defendant Stephen Regan appeals from a judgment of contempt for failure to comply with a court order requiring minimum monthly payments on a judgment for child support arrearages. The court of appeals certified this case to us. We assume jurisdiction under section 78-2-2(3)(b) and (5) of the Utah Code. We affirm.

Defendant was ordered to pay past due child support for his minor child in the amount of $17,282.18 in March of 1993. Subsequently, he requested and was granted a stay of execution on the judgment to permit him to borrow funds with which to pay it. According to the findings of fact in this case, he did in fact obtain a loan "in excess of $40,000" but failed to make any significant payments on the arrearage. Nearly two years later, the trial court ordered defendant to make minimum monthly payments of $500 on the judgment. No appeal was ever taken from that order, and defendant failed to comply. In June 1995, the trial court issued an order to show cause and conducted a hearing, after which it made the following findings of fact:

6. Defendant has not submitted the evidence necessary to provide clear determination of his income. The court does not find Defendant's statements to be credible....

7. Defendant has the ability to pay the judgment or at least to make meaningful payments toward the judgment.

8. Despite Defendant's ability to pay the judgment, Defendant has not made meaningful efforts to pay the judgment.

9. Defendant did not intend to pay the past-due child support at the time judgment was entered or at the present time.

10. Defendant's ability to pay and his refusal to pay are evidences of his contempt of court.

The trial court sentenced defendant to twenty days in jail for contempt of court. Defendant argues before us that the jail term violated article I, section 16 of the Utah Constitution—prohibiting imprisonment for debt—and that the trial court had no power to order minimum monthly payments on the judgment or to use the contempt sanction to enforce the order. Disposition of the first question depends on our treatment of the second. If the trial court had equitable power to order minimum payments on past-due child support amounts, it could clearly sanction failure to comply without violating the constitutional prohibition against imprisonment for debt. See, e.g., *Thomas v. Thomas*, 569 P.2d 1119, 1121 (Utah 1977) (stating that imprisonment for contempt of court where one wilfully refuses to pay proper judgment does not violate constitutional prohibition on imprisonment for debt). Therefore, we address the primary question regarding the scope of the court's power regarding these types of judgments.[1]

---

1. Defendant has also challenged the standing of intervenor Child Support Enforcement Co. (CSEC) to enforce the judgment, despite acknowledging that the trial court granted CSEC's motion to appear for purposes of executing on the judgment. The record contains a minute entry signed by the judge in which the "court hereby grants said motion," although apparently the court never entered a formal order to that effect. By failing to oppose the motion, however, defendant waived any challenge to the propriety of CSEC's role in the case.

■ Defendant argues that once a past-due child support claim has been reduced to judgment, it loses its character as a family support instrument, becoming no different from any form of commercial or ordinary debt; it cannot therefore be enforced by equitable means. We disagree. The powers of Utah courts in domestic cases are broadly described by statute:

> When a decree of divorce is rendered, the court may include in it equitable orders relating to the children, property, debts or obligations, and parties.
>
> . . . .
>
> The court has continuing jurisdiction to make subsequent changes or new orders for the support and maintenance of the parties, the custody of the children and their support, maintenance, health, and dental care, or the distribution of the property and obligations for debts as is reasonable and necessary.

Utah Code Ann. § 30–3–5(1), (3) (1995) (amended subsequent to this action by § 30–3–5 (Supp.1996)). The common practice in Utah's trial courts has long been to exercise equitable powers in connection with judgments for past-due amounts in family law cases. *See Bott v. Bott,* 22 Utah 2d 368, 453 P.2d 402 (1969). For example, in *Harmon v. Harmon,* 26 Utah 2d 436, 491 P.2d 231 (1971), the appellant made the same claim as that before us now: that "the judgment on the accumulated [child] support money has the same status as any other judgment at law on any other debt." *Id.* at 232. This court rejected the claim and explicitly referred to the desirability of the contempt power for enforcement purposes:

> In order to carry out the important responsibility of safeguarding the interests and welfare of children, it has always been deemed that the courts have broad equitable powers. To accept the [appellant's] contention that an adjudged arrearage is tantamount to a judgment in law, would in the long run tend to impair rather than to enhance the abilities of both the plaintiff and the court to accomplish the desired objective. Such a judgment at law does not have the valuable and useful attribute which allows its enforcement by contempt measures. For the foregoing reasons decrees and orders in divorce proceedings are of a different and higher character than judgments in suits at law; and by their nature are better suited to the purpose of protecting the interests and welfare of children.

*Id.* at 232–33. The order challenged in *Harmon,* interestingly enough, was one staying the appellant's execution of her arrearage judgment so long as the appellee made minimum monthly payments on it. *Id.* at 232. In this case, ironically, defendant appears to have benefitted from a two-year stay of execution on his judgment to gain time to raise the money to pay it—an equitable remedy to which, under his theory of the case, he should not have been entitled.

■ As defendant points out, this court has permitted the assignment of judgments for past-due child support to both governmental and private entities for collection purposes. *State v. Sucec,* 924 P.2d 882, 886 (Utah 1996). We have never held, however, and now explicitly decline to hold, that such judgments lose their fundamental character as instruments of family support subject to the statutory and equitable enforcement powers of the courts. The policies favoring enhancement of the enforceability of such judgments through assignment for collection likewise favor retention of broad judicial enforcement powers.

Affirmed.

ZIMMERMAN, C.J., STEWART, Associate C.J., and HOWE, and RUSSON, JJ., concur in Justice DURHAM'S opinion.