*This opinion is subject to revision before final publication in the Pacific Reporter.*

**2015 UT 37**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

STATE OF UTAH,
*Appellee,*

*v.*

BOBBIE JO NADINE RIRIE,
*Appellant.*

No. 20120638
Filed February 20, 2015

Third District, Salt Lake
The Honorable Vernice Trease
No. 111908971

Attorneys:

Sean D. Reyes, Att'y Gen., Jeffrey S. Gray, Asst. Att'y Gen.,
Salt Lake City, for appellee

Nathalie Skibine, Jessica A. Jacobs,
Salt Lake City, for appellant

ASSOCIATE CHIEF JUSTICE LEE authored the opinion of the Court in which CHIEF JUSTICE DURRANT, JUSTICE DURHAM, JUSTICE PARRISH, and JUDGE LAWRENCE joined.

JUSTICE NEHRING did not participate herein;
DISTRICT JUDGE BARRY G. LAWRENCE sat.

ASSOCIATE CHIEF JUSTICE LEE, opinion of the Court:

¶1 In this case we are asked to interpret the terms of Utah Code section 76-1-403, which adopts a principle of criminal claim preclusion for certain offenses arising out of a "single criminal episode." The preclusive effect of section 403 is invoked where a "defendant has been prosecuted for one or more offenses arising out of a single criminal episode," "the subsequent prosecution is for an offense that was or should have been tried under Subsec-

tion 76-1-402(2)," and the "former prosecution" resulted in an acquittal or conviction or was otherwise terminated in circumstances identified by statute. UTAH CODE § 76-1-403(1)(a)–(b). Subsection 402(2), in turn, applies to offenses "within the jurisdiction of a single court" that are "known to the prosecuting attorney at the time the defendant is arraigned on the first information or indictment." *Id*. § 76-1-402(2)(a)–(b).

¶2　We deem this provision inapplicable in the circumstances of this case, which involves an initial charge arising out of a citation filed by a police officer in justice court and subsequent charges on an information filed by a prosecutor in district court. Appellant's payment of her justice court fine resulted in a "conviction" on her justice court charge, and that conviction barred any subsequent prosecution on the same offense as a matter of double jeopardy. But there was no "information or indictment" on that first offense, and accordingly there was no "prosecuting attorney" involved. We find the preclusion principle in section 403 inapplicable on that basis, and thus affirm the district court's denial of appellant's motion to dismiss the subsequent charges in the district court.

I

¶3　In early November of 2011, a police officer pulled over Bobbie Jo Nadine Ririe on suspicion of drunk driving. During the stop the officer noticed an open can of beer in the car. After performing an intoxilyzer test—which indicated a blood-alcohol level of .216—the officer issued Ririe a citation for an open container offense.[1] Pursuant to statute, the officer then filed the citation in justice court—thereby initiating a criminal case against Ririe.

---

[1] The record is a bit unclear on the number and nature of citations issued. Ririe claims that the officer issued a single citation including both DUI and open container charges, and points to a copy of such a citation in her brief. The State, on the other hand, asserts that the officer wrote two separate citations, one for DUI and another on the open container charge, filing only the latter with the justice court and never filing the former. These disputes are immaterial to our analysis, however. All that matters is that Ririe was cited on an open container charge and ultimately convicted on only that count.

¶4 After Ririe failed to appear or forfeit bail on her open container charge in justice court, prosecutors filed an information in Third District Court charging her with DUI, an alcohol-restricted driver offense, and an open container violation. When Ririe failed to appear at her arraignment in the district court a few weeks later, a warrant was issued for her arrest. The day after the warrant issued, however, Ririe paid her justice court fine online; in so doing she forfeited bail and accepted a conviction in justice court on the open container offense.

¶5 Despite the justice court conviction, prosecutors moved forward on the information filed in the district court, and Ririe then moved to dismiss. She made two principal arguments in support of her motion. First, Ririe argued that the Double Jeopardy Clause prohibited a serial prosecution on the open container charge. And second, she contended that the DUI and alcohol-restricted driver charges were precluded by Utah Code section 76-1-403. The State conceded the double jeopardy point, and the district court dismissed the open container charge on that basis. The district court denied Ririe's motion to dismiss as to the other two charges, however, because "[t]here was no prosecuting attorney involved in the Justice Court case" and "[t]he prosecuting attorney involved in the District Court case was not involved and did not know about the citation that occurred in Justice Court." Ririe filed an interlocutory appeal with the Utah Court of Appeals, which subsequently certified this case to us. We review the district court's decision on a motion to dismiss de novo, yielding no deference to its analysis. *State v. Arave*, 2011 UT 84, ¶ 25, 268 P.3d 163.

II

¶6 The Double Jeopardy Clause of the U.S. Constitution insulates a defendant from multiple prosecutions or multiple sentences for the same offense. *See State v. Prion*, 2012 UT 15, ¶ 30, 274 P.3d 919. The single criminal episode statute, UTAH CODE § 76-1-403, takes the matter a step further. It adopts a species of *res judicata* or claim preclusion for criminal cases—barring prosecutions for *different offenses* committed as part of a single criminal episode and otherwise meeting the terms of the statute.

¶7 Under subsection 403(1), a defendant "prosecuted for one or more offenses arising out of a single criminal episode" is insulated from a "subsequent prosecution for the same or a different

offense arising out of the same criminal episode" if: "(a) the subsequent prosecution is for an offense that was or should have been tried under Subsection 76-1-402(2) in the former prosecution," and "(b) the former prosecution . . . resulted in conviction." *Id.* § 76-1-403(1). Subsection 402(2), in turn, provides that "a defendant shall not be subject to separate trials for multiple offenses when: (a) The offenses are within the jurisdiction of a single court; and (b) The offenses are known to the prosecuting attorney at the time the defendant is arraigned on the first information or indictment." *Id.* § 76-1-402(2).

¶8 Together, these provisions impose a one-bite-at-the-apple rule for multiple offenses arising out of a single criminal episode. But the limiting terms of these statutes are significant. Our code does not prescribe a universal bar on multiple prosecutions arising out of a single criminal episode. It limits this bar to cases falling within its terms—to multiple cases "within the jurisdiction of a single court" in circumstances where the offense(s) in question were "known to the prosecuting attorney at the time the defendant is arraigned on the first information or indictment." *Id.*

¶9 The question presented is whether these limiting conditions are satisfied here. We conclude that they are not. In so doing we first acknowledge a point advanced by Ririe: There is a sense in which the citation and bail forfeiture scheme resulting in Ririe's conviction on the open container charge may be characterized as a "prosecution." This scheme may not represent the traditional method of filing and pursuing a criminal charge under Utah law. *See State v. Sommerville*, 2013 UT App 40, ¶ 12, 297 P.3d 665. But it is *a* method authorized by our law—and the method that was invoked and pressed here. Ririe in fact has a conviction on the open container charge on her record, and she would doubtless be surprised to hear that she was never subject to "prosecution" on that offense. *See* BLACK'S LAW DICTIONARY 1341 (9th ed. 2009) (defining "prosecute" as "[t]o institute and pursue a criminal action against a person"). *But see Sommerville*, 2013 UT App 40, ¶ 14 ("[I]f a citation is disposed of by voluntary forfeiture of bail, no information is filed and, therefore, no prosecution is initiated.").

¶10 Yet the mere fact of a prior *prosecution* of some nature is insufficient to trigger the claim-preclusion principles of sections 403 and 402. These provisions are implicated not for *all former prosecutions* arising out of a single criminal episode, but only as to former

prosecutions in which the offenses in question were "known *to the prosecuting attorney* at the time the defendant *is arraigned on the first information or indictment*." UTAH CODE § 76-1-402(2) (emphasis added). The italicized terms are significant. They indicate that the preclusion principle at work here is limited to prosecutions involving a "prosecuting attorney" and an "arraign[ment]" on an "information or indictment." *Id.* Neither element was present here, and our statutes' preclusive effect was accordingly not implicated.

¶11 First, no "prosecuting attorney" was formally involved in the process leading to Ririe's conviction on the open container violation in justice court. That charge was initiated by the mere issuance of a citation by a police officer. And although that citation ultimately resulted in a conviction, that result came about—by statutory design—without the need of any involvement of an attorney. By statute the payment of a fine on an eligible citation, such as Ririe's, results in a forfeiture of bail and the entry of a conviction. *See id.* § 77-7-21(1)(c). The statutory scheme simply does not require the involvement of a "prosecuting attorney," and the preclusion standards in sections 402 and 403 were accordingly not implicated.

¶12 On this point, Ririe argues at some length about the possible *knowledge* some prosecutor may have had of the various offenses at issue. And she seeks to challenge the district court's finding that no prosecutor had actual knowledge of the citation issued in this case. But these assertions are ultimately beside the point under the statute as written. Under the standard in section 402 (incorporated in section 403), a prosecutor's knowledge alone is insufficient; the statute is limited to prosecutions involving a "prosecuting attorney," and the absence of such an attorney renders the knowledge question immaterial.

¶13 Second, and similarly, the justice court charge did not involve an "arraign[ment]" on an "information or indictment." *Id.* § 76-1-402(2). Instead the charge against Ririe was initiated only by the filing of a citation and was resolved by a conviction upon a forfeiture of bail. *See id.* § 77-7-18(1) ("Any person subject to arrest or prosecution on a misdemeanor . . . may be issued and delivered a citation . . . by . . . a peace officer, in lieu of or in addition to taking the person into custody. . . ."); *id.* § 77-7-21(1)(c) ("Voluntary forfeiture of bail shall be entered as a conviction and treated the

same as if the accused pleaded guilty."). The governing statutes draw a clear distinction between this sort of proceeding and one involving the filing of an information. *See id.* § 77-7-21(2) & (3)(b) (requiring, where a defendant contests a citation, that "[a]n information *shall be filed*" unless waived by the defense (emphasis added)). This was accordingly not the type of prosecution implicating the claim preclusion standards set forth in sections 402 and 403. *See Sommerville*, 2013 UT App 40, ¶ 16 (holding that these provisions apply only "to formal prosecutions initiated by the filing of an information"); *id.* ¶ 17 (concluding that sections 402 and 403 do not extend to "circumstances where a formal prosecution was not initiated by the filing of an information by a prosecutor").

¶14 Based on these two features of the single criminal episode statute—the requirement of a "prosecuting attorney" and the use of an "information or indictment"—we affirm the district court's denial of Ririe's motion to dismiss. We construe those terms as limiting conditions and decline to extend the statute's principle of claim preclusion beyond its text.

¶15 In so doing, we acknowledge a policy basis for Ririe's position. As Ririe indicates, sections 402 and 403 appear to be aimed at advancing the policies of economy and efficiency that are at the heart of the doctrine of *res judicata*. And, if the legislature were focused single-mindedly on those policies, perhaps it would make sense to adopt a universal rule of criminal claim preclusion—to require the government to bring any and all known charges arising out of a single criminal episode in a single case (whether or not the case involves a prosecuting attorney or a formal charge in an information).

¶16 As we have noted repeatedly, however, the legislature rarely acts single-mindedly. More often its enactments are aimed at balancing competing policy positions.[2] That appears to be the

---

[2] *VCS, Inc. v. Utah Cmty. Bank*, 2012 UT 89, ¶ 20, 293 P.3d 290 (noting that the text of statutes are "a result of a legislative give-and-take that balances multiple concerns" (internal quotation marks omitted)); *McArthur v. State Farm Mut. Auto. Ins. Co.*, 2012 UT 22, ¶ 14, 274 P.3d 981 (recognizing that "most all" statutes "represent an attempt by the legislature to balance competing policy considerations," and do "not . . . advanc[e] a single objective at

case here. Sections 402 and 403 partially advance interests of judicial economy. But they also preserve discretion for the prosecution to advance separate charges where law enforcement has pursued minor charges through informal means.

¶17 That, of course, is the core defect in Ririe's position. Sections 402 and 403 do not in fact adopt a universal rule of claim preclusion. They adopt a more limited one. And of course it is not our role to extend the statutory text, even where we might see an extension as more fully vindicating some of the policies motivating the legislature.[3] We affirm on that basis, respecting, as we must, the legislature's prerogative to define the terms and conditions of any statutory principle of criminal claim preclusion.

_____

the expense of all others" (internal quotation marks omitted)); *Myers v. Myers*, 2011 UT 65, ¶ 27, 266 P.3d 806 ("Legislation is rarely aimed at advancing a single objective at the expense of all others."); *Olsen v. Eagle Mountain City*, 2011 UT 10, ¶ 23 n.6, 248 P.3d 465 ("[M]ost statutes represent a compromise of purposes advanced by competing interest groups, not an unmitigated attempt to stamp out a particular evil.").

[3] *See, e.g., Hughes Gen. Contractors, Inc. v. Labor Comm'n*, 2014 UT 3, ¶ 29, 322 P.3d 712 ("[T]he interpretive function for us is not to divine and implement the statutory purpose, broadly defined. It is to construe its language. Where, as here, that language dictates an answer to the question presented, we are not at liberty to adopt a different one because we think it might better advance the legislature's purpose as we understand it.").