2017 UT App 63

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
MISTY DAWN JEPSON,
Appellant.

Opinion
No. 20140329-CA
Filed April 6, 2017

Third District Court, West Jordan Department
The Honorable Bruce C. Lubeck
No. 131401123

Nathalie S. Skibine and Daniel M. Torrence,
Attorneys for Appellant

Sean D. Reyes and Jeffrey S. Gray, Attorneys
for Appellee

JUDGE MICHELE M. CHRISTIANSEN authored this Opinion, in
which JUDGES KATE A. TOOMEY and DAVID N. MORTENSEN
concurred.

CHRISTIANSEN, Judge:

¶1    Misty Dawn Jepson (Defendant) entered a conditional guilty plea in district court to one count of unlawful possession of a financial transaction card, a third degree felony. On appeal, Defendant argues that the district court should have granted her motion to dismiss the charge because it arose from the same criminal episode as another charge to which she had previously pled guilty in justice court. We affirm.

¶2    In July 2013, a police officer (Officer) cited Defendant for retail theft after she concealed approximately $28 worth of merchandise in grocery bags as she exited a grocery store. At

that time, Officer learned that Defendant had an outstanding warrant and arrested her. While arresting Defendant, Officer discovered that she had several credit cards belonging to multiple individuals. Officer then transported Defendant to jail where she was booked on charges of retail theft and unlawful possession of financial transaction cards. Officer also contacted the owner of one of the credit cards. That person confirmed that he did not know Defendant and never gave anyone permission to use his credit card.

¶3 Five days later, Officer filed the retail theft citation in the Herriman Justice Court. The citation stated, as required by law, "This citation is not an information and will not be used as an information without your consent." *See* Utah Code Ann. § 77-7-20(2)(j) (LexisNexis Supp. 2013). Thereafter, in September 2013, the State filed an information in the Third District Court charging Defendant with retail theft, a class B misdemeanor, and unlawful possession of a financial transaction card, a third degree felony. *See id.* §§ 76-6-506.3, -602 (2012). Two days later, Defendant was transported from the jail to the Third District Court, where she was advised of the charges, received a copy of the information, waived its reading, and was appointed counsel.

¶4 Several weeks later, Defendant was transported to the Herriman Justice Court to appear on the retail theft citation. A city prosecutor was present at the hearing. The court advised Defendant of her rights, and she pled guilty to retail theft. At that hearing, Defendant signed a document entitled "Rights, Instructions, and Waiver Form" (the Waiver Form). The Waiver Form described Defendant's various plea options and constitutional rights and contained sections describing Defendant's right to withdraw her plea, the right to appeal, sentencing, and possible penalties. The justice court sentenced Defendant to sixty days in jail with credit for time served.

¶5 Thereafter, Defendant moved to dismiss the pending retail theft and unlawful possession of a financial transaction card charges in district court, arguing that those charges were

barred under "the federal and state Double Jeopardy clauses" and Utah's single criminal episode statute. *See* Utah Code Ann. § 76-1-403(1) (LexisNexis Supp. 2013). According to Defendant, she had already "been convicted in Herriman City Justice Court of 'Retail Theft,'" and because "[t]he charges in the [district court] case [were] supported by the same police report, and were part of the same offense and criminal episode as the Herriman City Justice Court 'Retail Theft,'" "these charges should all have been brought together."

¶6      After a hearing, the district court dismissed the retail theft charge but denied Defendant's motion to dismiss the unlawful possession of a financial transaction card charge. In its written order, the district court found, among other things, that the "Waiver Form [Defendant signed] did not contain any language addressing waiver of the statutory right of the filing of an Information" and that Defendant did "not waive in writing the filing of an Information." The court then concluded:

> Although a citation may be used in lieu of an information, so that the person cited may plead guilty or no contest and be sentenced or on which bail may be forfeited, the citation is not an information unless the person cited waives, by written agreement, the filing of the information.
>
> . . . [N]o facts were presented evidencing that Defendant waived, in writing, the filing of an information in the Herriman Justice Court case.

(Citations omitted.)

¶7      Subsequently, Defendant entered a conditional guilty plea to the charge of unlawful possession of a financial transaction card, reserving the right to appeal the district court's denial of her motion to dismiss based on the single criminal episode statute. The district court sentenced Defendant to a suspended

prison term of zero to five years and placed her on probation for thirty-six months. Defendant appeals.

¶8    Defendant contends that "[t]he [district] court erred when it determined that the single criminal episode statute did not bar subsequent prosecution" and denied her motion to dismiss. "A trial court's decision to grant or deny a motion to dismiss presents a question of law, which we review for correctness." *State v. Selzer*, 2013 UT App 3, ¶ 14, 294 P.3d 617 (citation and internal quotation marks omitted). "'[C]orrectness' means the appellate court decides the matter for itself and does not defer in any degree to the trial judge's determination of law." *State v. Anderson*, 929 P.2d 1107, 1108 (Utah 1996) (citation and additional internal quotation marks omitted).

¶9    Pursuant to Utah Code section 76-1-403 (the Single Criminal Episode Statute), "[i]f a defendant has been prosecuted for one or more offenses arising out of a single criminal episode,[1] a subsequent prosecution for the same or a different

---

1. "'[S]ingle criminal episode' means all conduct which is closely related in time and is incident to an attempt or an accomplishment of a single criminal objective." Utah Code Ann. § 76-1-401 (LexisNexis 2012). In its briefing, the State asserts, as an alternative argument, that Defendant's "offenses did not arise out of a single criminal episode" because they were not "'incident to an attempt or an accomplishment of a single criminal objective.'" (Quoting Utah Code Ann. § 76-1-401.) But the State acknowledges that "the prosecutor in this case 'did not dispute' that the two offenses arose out of a single criminal episode" and that "the trial court [therefore] did not reach the issue." Certainly, the prosecutor's stance on this issue before the district court is perplexing given that the connection between Defendant's two offenses is indeed lacking. Nevertheless, during oral argument before this court, the State conceded that we should not decide this case on the alternate ground presented in its briefing. We therefore decline to affirm the decision of the

(continued…)

offense arising out of the same criminal episode is barred if: (a) the subsequent prosecution is for an offense that was or should have been tried under Subsection 76-1-402(2) in the former prosecution; and (b) the former prosecution: . . . (ii) resulted in conviction."[2] Utah Code Ann. § 76-1-403(1) (LexisNexis Supp. 2013). Subsection 76-1-402(2), in turn, provides that "a defendant shall not be subject to separate trials for multiple offenses when: (a) The offenses are within the jurisdiction of a single court; and (b) The offenses are known to the prosecuting attorney at the time the defendant is arraigned on the first information or indictment." *Id.* § 76-1-402(2) (2012).

¶10 The Utah Supreme Court has observed that "[t]ogether, these provisions impose a one-bite-at-the-apple rule for multiple offenses arising out of a single criminal episode." *State v. Ririe*, 2015 UT 37, ¶ 8, 345 P.3d 1261. The court further observed that "the limiting terms of these statutes are significant":

> Our code does not prescribe a universal bar on multiple prosecutions arising out of a single criminal episode. It limits this bar to cases falling within its terms—to multiple cases "within the jurisdiction of a single court" in circumstances where the offense(s) in question were "known to the prosecuting attorney at the time the defendant is arraigned on the first information or indictment."

*Id.* (quoting Utah Code § 76-1-402(2)).

---

(…continued)
district court on the alternate ground that Defendant's offenses did not arise out of the same criminal episode.

2. Relying on *State v. Ririe*, 2015 UT 37, 345 P.3d 1261, the State concedes that "Defendant was prosecuted . . . on a citation for retail theft in justice court." *Id.* ¶ 9.

¶11 In this case, the parties' principal disagreement is whether the justice court charge involved an arraignment on an "information or indictment."[3] *See* Utah Code Ann. § 76-1-402(2). Defendant observes that pursuant to Utah Code section 77-7-21, "[a] copy of a misdemeanor citation filed in justice court 'may be used in lieu of an information to which the person cited may plead guilty.'" (Quoting Utah Code § 77-7-21(1)(a).) Thus, according to Defendant, because the retail theft citation "contained all the elements of an information and was used in place of an information under Utah Code section 77-7-21(1)(a)," she "was arraigned on an information under Utah's statutory scheme." The State asserts that "[t]he justice court prosecution did not trigger the Single Criminal Episode Statute, because it was not initiated by information." We agree with the State.

¶12 Utah Code section 77-7-21 provides that "[a] copy of the citation . . . may be used *in lieu of* an information to which the person cited may plead guilty or no contest and be sentenced." Utah Code Ann. § 77-7-21(1)(a) (LexisNexis 2012) (emphasis added). The term "in lieu of" is not defined by statute, but a common meaning of the term is "[i]nstead of or in place of." *In lieu of*, Black's Law Dictionary (10th ed. 2014); *see also Lieu*, Merriam-Webster Online, http://www.merriam-webster.com/dictionary/in%20lieu%20of (last visited Mar. 28, 2017) [https://perma.cc/Y3UP-2ATX] (defining "in lieu of" as "in the place of"); *cf. Bott v. Bott*, 453 P.2d 402, 402 (Utah 1969) (observing, in the context of a divorce decree, that "'[i]n lieu of' means instead of, in place of, in substitution of, etc."). Applying this definition to section 77-7-21, the relevant portion of the statute reads, "[a] copy of the citation . . . may be used [instead of

---

3. The State concedes that "a city prosecutor was involved in the justice court prosecution, satisfying the first limiting condition of section 76-1-402(2)." *See* Utah Code Ann. § 76-1-402(2)(b) (LexisNexis 2012). Additionally, the State does not dispute that the justice court charge involved an arraignment, but only that Defendant was not arraigned on an information. *See id.*

or in place of] an information to which the person cited may plead guilty or no contest and be sentenced." *See* Utah Code Ann. § 77-7-21(1)(a).

¶13 The use of a citation "instead of or in place of" an information under section 77-7-21 does not convert the citation *into* an information for purposes of subsection 76-1-402(2). In other words, although the citation serves the same function as an information in this context, the citation is not, in fact, an information. *See State v. Sommerville*, 2013 UT App 40, ¶ 15 n.5, 297 P.3d 665 ("Although a citation 'may be used in lieu of an information' so that 'the person cited may plead guilty or no contest and be sentenced or on which bail may be forfeited,' *the citation is not an information*." (emphasis added) (quoting Utah Code Ann. § 77-7-21(1)(a))). Indeed, Utah Code section 77-7-20 requires that a citation include "a notice containing substantially the following language": "This citation is not an information and will not be used as an information without your consent." Utah Code Ann. § 77-7-20(2)(j) (LexisNexis Supp. 2013). "This is consistent with [subsection 77-7-21(2)'s] requirement that if a 'person cited pleads not guilty to the offense charged' in a citation, '[a]n information shall be filed.'" *Sommerville*, 2013 UT App 40, ¶ 15 n.5 (second alteration in original) (quoting Utah Code Ann. § 77-7-21(2)). "That 'information *is an original pleading*,' and 'the prosecution may proceed on the citation' only if the 'person cited waives by written agreement the filing of the information.'" *Id.* (emphasis added) (quoting Utah Code Ann. § 77-7-21(3)).

¶14 Here, as Defendant acknowledges, her retail theft citation was "used in lieu of an information to which [Defendant] . . . plead[ed] guilty . . . and [was] sentenced." *See* Utah Code Ann. § 77-7-21(1)(a). But the retail theft citation was not an information, and no information was ever filed in Defendant's retail theft case. Thus, because the charge against Defendant was initiated only by the filing of a citation, the justice court charge did not involve an arraignment on an "information or indictment," *see id.* § 76-1-402(2) (LexisNexis

2012), and was therefore "not the type of prosecution implicating the claim preclusion standards" of the Single Criminal Episode Statute, *see State v. Ririe*, 2015 UT 37, ¶ 13, 345 P.3d 1261. *See also Ririe*, 2015 UT 37, ¶ 13 (concluding that "the justice court charge did not involve an arraign[ment] on an information or indictment" where "the charge against Ririe was initiated only by the filing of a citation and was resolved by a conviction upon a forfeiture of bail" and observing in a parenthetical that "[v]oluntary forfeiture of bail shall be entered as a conviction and treated the same as if the accused pleaded guilty" (first alteration in original) (citation and internal quotation marks omitted)). Consequently, the subsequent prosecution of the unlawful possession of a financial transaction card offense in the district court was not barred.

¶15    Alternatively, Defendant contends that her "waiver of rights and guilty plea [in the Waiver Form] waived the filing of an information" under subsection 77-7-21(3)(b). *See* Utah Code Ann. § 77-7-21(3)(b) (LexisNexis 2012) ("If a person cited waives by written agreement the filing of an information, the prosecution may proceed on the citation."). According to Defendant, although "[t]he citation [she] received informed her that it would not be used as an information without her consent," *see id.* § 77-7-20(2)(j) (Supp. 2013), "[w]hen she pleaded guilty and waived her rights, [she] formally and in writing consented to the use of the citation as an information." We are not persuaded.

¶16    To begin with, as the district court correctly noted, the Waiver Form that Defendant signed did not contain any language addressing waiver of the filing of an information. *Supra* ¶ 6. But more importantly, the language of subsection 77-7-21(3)(b), on which Defendant relies, does not apply to this case. More specifically, as briefly discussed above, *supra* ¶ 13, subsection 77-7-21(2) provides that when a "person cited pleads not guilty to the offense charged," "[a]n information shall be filed." Utah Code Ann. § 77-7-21(2). Subsection 77-7-21(3) then provides that "[t]he information is an original pleading" and

that "the prosecution may proceed on the citation" only if the "person cited waives by written agreement the filing of the information." *Id.* § 77-7-21(3)(a), (b); *see also id.* § 77-7-20(2)(j) ("The citation . . . shall contain . . . a notice containing substantially the following language: . . . This citation is not an information and will not be used as an information without your consent."). Thus, we read subsection 77-7-21(3)(b) as applying only to situations where a person cited contests a citation, in which case the prosecution is required to file an information, *see id.* § 77-7-21(2), unless the person cited waives by written agreement the filing of the information, thereby authorizing the prosecution to proceed on the citation, *id.* § 77-7-21(3)(b). *See also Ririe*, 2015 UT 37, ¶ 13 (citing Utah Code subsections 77-7-21(2) and 77-7-21(3)(b) and observing in a parenthetical that "where a defendant contests a citation, . . . [a]n information *shall be filed* unless waived by the defense" (alteration in original) (citation and internal quotation marks omitted)). That situation is distinguishable from Defendant's case, in which the justice court charge against Defendant was initiated only by the filing of a citation to which Defendant pled guilty. *See* Utah Code Ann. § 77-7-21(1)(a). Consequently, we are not persuaded by Defendant's alternative argument that her Waiver Form "waived the filing of an information" under subsection 77-7-21(3)(b).

¶17    We conclude that subsequent prosecution of the unlawful possession of a financial transaction card charge in the district court was not barred by the Single Criminal Episode Statute.

¶18    Affirmed.

————