*This opinion is subject to revision before final publication in the Pacific Reporter*

**2019 UT 6**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

SALT LAKE CITY,
*Appellee,*

*v.*

RANDALL JOSEPHSON,
*Appellant.*

No. 20150980
Filed January 29, 2019

On Certification from the Court of Appeals

Third District, Salt Lake
The Honorable Katie Bernards-Goodman
No. 141913058

Attorneys:

Scott A. Fisher, Paige Williamson, Hyrum J. Hemingway,
Salt Lake City, for appellee

Dayna K. Moore, Salt Lake City, for appellant

CHIEF JUSTICE DURRANT authored the opinion of the Court,
in which ASSOCIATE CHIEF JUSTICE LEE, JUSTICE HIMONAS,
JUSTICE PEARCE, and JUSTICE PETERSEN joined.

CHIEF JUSTICE DURRANT, opinion of the Court:

## Introduction

¶1 Randall Josephson was charged in Salt Lake City Justice Court with one count of threat of violence, a class B misdemeanor under Utah Code section 76-5-107. The alleged threat occurred on September 7, 2014. While that case was pending, Salt Lake City charged Mr. Josephson in the Third District Court with one count of stalking, a class A misdemeanor under Utah Code section 76-5-106.5, and one count of threat of violence, a class B misdemeanor. The district court threat of violence charge was based on an alleged

threat that occurred on September 30, 2014, and the stalking charge was based on alleged conduct occurring throughout September 2014. Mr. Josephson argues that the district court prosecution was barred by the earlier justice court prosecution or, alternatively, that the district court plainly erred in failing to merge the threat of violence and stalking charges. Because we find that neither issue was preserved nor amounts to plain error, we affirm.

## Background

¶2   Randall Josephson and D.C. were neighbors in September 2014.[1] During that month, Mr. Josephson made daily threats to D.C. On September 7, 2014, Mr. Josephson threatened D.C. Five days later, Salt Lake City (the City) filed an information in justice court charging Mr. Josephson with threat of violence based upon the September 7 threat. D.C. later received a stalking injunction against Mr. Josephson, which was served on September 20, 2014. On September 22, 2014, Mr. Josephson was arraigned on the information in justice court. On September 30, 2014, Mr. Josephson again threatened D.C. The City later filed an information in district court charging him with stalking and threat of violence based on the September 30 threat. The next month, the information in justice court was amended to an infraction. Two months later, Mr. Josephson represented himself at a bench trial in justice court and was found guilty on the threat of violence charge stemming from the September 7 threat. On March 13, 2015, he was sentenced to probation and a fine in justice court.

¶3   On September 7, 2015, Mr. Josephson filed a motion in limine in district court to exclude testimony regarding the September 7, 2014 threat, the basis of his justice court conviction. The next day, the City amended the information against Mr. Josephson in district court to reflect that the stalking charge was based on conduct during the entire month of September, rather than just September 30. The district court heard argument on Mr. Josephson's motion in limine. It denied the motion and held a jury trial. At the close of evidence, Mr. Josephson made a motion for a directed verdict on double jeopardy grounds. That motion was denied. Mr. Josephson was convicted on both counts. He now appeals his conviction,

---

[1] "On appeal, we review the record facts in a light most favorable to the jury's verdict and recite the facts accordingly." *USA Power, LLC v. PacifiCorp*, 2016 UT 20, ¶ 8 n.3, 372 P.3d 629 (citation omitted).

arguing that the district court prosecution was barred by the earlier justice court prosecution or, alternatively, that the district court plainly erred in failing to merge the convictions at sentencing.

¶4 Mr. Josephson timely appealed the district court's decision. The parties briefed the matter before the court of appeals and the court of appeals certified the matter to this court for original appellate review. We have jurisdiction pursuant to Utah Code section 78A-3-102(3)(b).

## Issues and Standard of Review

¶5 Mr. Josephson raises two issues on appeal: (1) whether the trial court erred in allowing the district court prosecution for stalking and threat of violence when Mr. Josephson had previously been prosecuted and convicted of another threat of violence charge in justice court, and (2) whether the district court plainly erred in failing to merge the threat of violence conviction with the stalking conviction.

¶6 Mr. Josephson argues that the first issue was preserved but the City argues it was not. We conclude that it was not preserved, and we accordingly review for plain error.[2] Both parties agree that the second issue was not preserved and must be reviewed for plain error.[3]

## Analysis

¶7 Mr. Josephson challenges his conviction in the district court in two ways. First, he argues that the district court violated Utah Code section 76-1-403 (the single criminal episode statute) by permitting the state to prosecute the stalking and threat of violence charges even though he had already been prosecuted and convicted in justice court for conduct that allegedly formed the basis of his district court prosecution. Second, he argues that the district court erred by failing to merge his threat of violence conviction with his stalking conviction. Because neither of these alleged errors constituted plain error, we affirm Mr. Josephson's conviction.

---

[2] *State v. Dunn*, 850 P.2d 1201, 1208 (Utah 1993) ("[T]o establish the existence of plain error and to obtain appellate relief from an alleged error that was not properly objected to, the appellant must show the following: (i) An error exists; (ii) the error should have been obvious to the trial court; and (iii) the error is harmful . . . .").

[3] *Id.*

## I. The District Court Did Not Plainly Err By Permitting the State to Prosecute the Threat of Violence and Stalking Charges

¶8    Mr. Josephson argues that his justice court prosecution serves as a bar of his district court prosecution under the single criminal episode statute. The City disagrees. Additionally, the City argues that even if the district court erred by failing to apply the single criminal episode statute, we should nevertheless affirm the conviction because Mr. Josephson failed to preserve this argument below and the error, if any, does not constitute plain error. Because we find insufficient evidence in the record to satisfy the preservation requirement, we review Mr. Josephson's argument under our plain error standard. And under this standard we affirm his conviction.

*A. Mr. Josephson failed to preserve his single criminal episode argument*

¶9    Mr. Josephson argues that he preserved his argument under the single criminal episode statute when he asserted that the district court prosecution was barred by the double jeopardy clauses of the Utah and United States Constitutions. We disagree.

¶10 The preservation doctrine serves a number of important policies. "One of the most important purposes of preservation is that it allows an issue to be fully factually, procedurally, and legally developed in the district court."[4] "[It] enables us to analyze both the application of a legal rule or principle to a concrete and well-developed dispute and, nearly as important, the effect of the district court's ruling on the overall course of the proceedings below."[5] When parties fail to preserve issues, we do not receive "the benefit of a trial judge's reasoning and analysis on the issue at hand."[6]

¶11 The preservation doctrine also serves our "policy of fairness" because it "generally would be unfair to reverse a district court for a reason presented first on appeal. This is because, had the contention now before us been raised below, [the appellee] might

---

[4] *Baumann v. Kroger Co.*, 2017 UT 80, ¶ 25, 416 P.3d 512.

[5] *Id.*

[6] *Id.*

have countered the argument, potentially avoiding the time and expense of appeal."[7]

¶12 "[I]n order to preserve an issue for appeal the issue must be presented to the trial court in such a way that the trial court has an opportunity to rule on that issue."[8] "This requirement puts the trial judge on notice of the asserted error and allows for correction at that time in the course of the proceeding."[9] Three factors "help determine whether the trial court had such an opportunity: '(1) the issue must be raised in a timely fashion; (2) the issue must be specifically raised; and (3) a party must introduce supporting evidence or relevant legal authority.'"[10] The party must put forth enough evidence that "the issue [is] sufficiently raised to a level of consciousness before the trial court."[11] Applying these factors, we hold that Mr. Josephson did not preserve his single criminal episode argument below.[12]

---

[7] *Federated Capital Corp. v. Deutsch*, 2018 UT App 118, ¶ 19, 428 P.3d 51 (citations omitted) (internal quotation marks omitted).

[8] *Brookside Mobile Home Park, Ltd. v. Peebles*, 2002 UT 48, ¶ 14, 48 P.3d 968 (citation omitted).

[9] *438 Main St. v. Easy Heat, Inc.*, 2004 UT 72, ¶ 51, 99 P.3d 801 (citation omitted).

[10] *Brookside*, 2002 UT 48, ¶ 14 (citation omitted).

[11] *State v. Sanchez*, 2018 UT 31, ¶ 30, 422 P.3d 866 (citation omitted) (internal quotation marks omitted).

[12] We recognize that "[w]hether a party has properly preserved an argument . . . cannot turn on the use of magic words or phrases." *In re Baby Girl T.*, 2012 UT 78, ¶ 38, 298 P.3d 1251. And "an overlooked or abandoned argument should not compel an erroneous result. We should not be forced to ignore the law just because the parties have not raised or pursued obvious arguments." *Kaiserman Assocs., Inc. v. Francis Town*, 977 P.2d 462, 464 (Utah 1998). This is our caselaw, and we are not abandoning these standards now. Mr. Josephson did not need to utter the "magic words" of "single criminal episode statute" to properly preserve the issue. But without any reference to any argument besides double jeopardy, we cannot find that this issue was ever "sufficiently raised to a level of consciousness before the trial court." *Sanchez*, 2018 UT 31, ¶ 30 (citation omitted) (internal quotation marks omitted). So we hold that this issue is unpreserved.

¶13 Although Mr. Josephson raised double jeopardy concerns on several occasions both pre- and posttrial,[13] at no point in any of those arguments did he point the district court to the single criminal episode statute argument that he now makes. This is significant because the analysis for a double jeopardy challenge is distinct from the analysis under the single criminal episode statute.

¶14 "The double jeopardy clauses of both the Utah and federal constitutions limit the government's ability to prosecute or punish an individual multiple times for the same conduct."[14] The single criminal episode statute, "takes the matter a step further[,] . . . barring prosecutions for *different offenses* committed as part of a single criminal episode and otherwise meeting the terms of the statute."[15] Because the single criminal episode statute could apply to bar the prosecution of offenses beyond those offenses that were already prosecuted, the statute expands the protections of double jeopardy.[16] And this expanded scope of protection will often require courts to conduct analysis beyond what is required when only a double jeopardy argument is raised.

¶15 Additionally, there is an important difference between the operation of the protections under the single criminal episode statute and the double jeopardy clauses. Unlike the constitutionally based protection provided by the double jeopardy clauses, the protections under the single criminal episode statute are limited by the language of the statute. "The single criminal episode statute is strictly procedural in nature. It requires that when a defendant is brought before a court, all offenses arising from a single incident which are triable before that court be charged at the same time."[17] To the extent

---

[13] Mr. Josephson raised the double jeopardy issue during oral argument on his motion in limine on September 9, 2015. He again argued this issue while objecting to a jury instruction. Finally, he argued this issue on a motion for directed verdict and the ensuing discussion with the trial court indicated that the court recognized the issue, though it denied the motion.

[14] *State v. Robertson*, 2017 UT 27, ¶ 15, --- P.3d --- (citing U.S. CONST. amend. V; UTAH CONST. art. 1, § 12).

[15] *State v. Ririe*, 2015 UT 37, ¶ 6, 345 P.3d 1261.

[16] *Id.*

[17] *State v. Sosa*, 598 P.2d 342, 345 (Utah 1979).

that is not possible, "the state is not required to prosecute only some of the offenses committed by a defendant."[18]

¶16 So the single criminal episode "provisions are implicated not for *all former prosecutions* arising out of a single criminal episode, but only as to former prosecutions in which the offenses in question were 'known *to the prosecuting attorney* at the time the defendant *is arraigned on the first information or indictment*.'"[19] For this reason, the single criminal episode statute does not apply to any prosecutions stemming from conduct arising after the date of the first arraignment. This feature of the statute is significant in this case and ultimately defeats Mr. Josephson's preservation argument.

¶17  Because the single criminal episode statute does not apply to any prosecutions stemming from conduct arising after the date of the first arraignment, the determination of whether or not the statute applies may often depend on the district court's factual findings regarding the timing of events—factual findings that might not be relevant to the more limited focus of a double jeopardy determination. This case illustrates the significance of this aspect of the single criminal episode statute.

¶18 Here, Mr. Josephson was charged in justice court on September 22, 2014 (first arraignment) with one count of making a threat of violence. This charge was based solely on a threat Mr. Josephson made on September 7. Later, the City brought charges against Mr. Josephson in district court for conduct that occurred throughout the month of September, including a threat made on September 30, 2014.

¶19 Before the district court, Mr. Josephson argued that the district court prosecution violated double jeopardy because he had already been convicted in the justice court. But he did not make an argument under the single criminal episode statute. His failure to raise his single criminal episode arguments before the district court deprived the court of an opportunity to conduct the necessary analysis. Although the district court found that Mr. Josephson's prosecution did not implicate double jeopardy, the court never had the opportunity to conduct the analysis on the single criminal

---

[18] *Id.* ("To hold otherwise would frustrate sound public policy and circumvent the demands of justice.").

[19] *Ririe*, 2015 UT 37, ¶ 10 (citing UTAH CODE § 76–1–402(2)).

episode requirements. Because of this, there is no evidence in the record as to what the prosecuting attorney knew at the time of the first arraignment in justice court.

¶20 This factual deficiency hinders our appellate review and illustrates the importance of our preservation requirements.[20] Accordingly, we hold that Mr. Josephson's single criminal episode argument was not preserved and must be reviewed under our plain error standard.

*B. The district court did not plainly err when it failed to apply the single criminal episode statute*

¶21 Mr. Josephson argues that the district court plainly erred when it failed to apply the single criminal episode statute to bar the City's prosecution in the district court. "[T]o establish the existence of plain error and to obtain appellate relief from an alleged error that was not properly objected to, [Mr. Josephson] must show the following: (i) An error exists; (ii) the error should have been obvious to the trial court; and (iii) the error is harmful . . . ."[21] Because the error, if any, would not have been obvious to the district court, we conclude that the court did not plainly err when it permitted Mr. Josephson's prosecution.[22]

---

[20] "The policy of judicial economy is most directly frustrated when an appellant asserts unpreserved claims that require factual predicates." *Patterson v. Patterson*, 2011 UT 68, ¶ 15, 266 P.3d 828.

[21] *Dunn*, 850 P.2d at 1208. Mr. Josephson also argues that this issue is not susceptible to a harmless error analysis, because the United States Supreme Court has held that double jeopardy violations are not subject to harmless error analysis. *See, e.g., Morris v. Mathews*, 475 U.S. 237, 244–45 (1986); *Price v. Georgia*, 398 U.S. 323, 331 (1970). Because the single criminal episode statute expands on double jeopardy protections, it is unclear whether or how we would conduct a harmless error analysis. But because we find any potential error would not have been obvious, we reserve this question for another time.

[22] We have "recognized three distinct exceptions to preservation: plain error, ineffective assistance of counsel, and exceptional circumstances." *State v. Johnson*, 2017 UT 76, ¶ 19, 416 P.3d 443. But because the parties have only argued for plain error review, we decline to review the question under the other exceptions.

¶22 Whether the single criminal episode statute applies depends on whether the first prosecuting attorney knew, at the time of the first arraignment, about the conduct underlying the charges that were later brought in the second prosecution. As discussed *supra*, because Mr. Josephson never argued that the single criminal episode statute applied to his case, neither party introduced evidence regarding whether the first prosecutor knew about the conduct underlying the second prosecution at the time of the first arraignment. As a result, there was no indication on the record that the first prosecutor knew about all the conduct underlying the charges in the second prosecution, and it could not have been obvious to the district court that the single criminal episode statute applied to Mr. Josephson's case. Accordingly, Mr. Josephson's claim that the district court erred in allowing the prosecution fails.

## II. The District Court Did Not Plainly Err By Failing to Merge Mr. Josephson's Threat of Violence Conviction With His Stalking Conviction

¶23 Mr. Josephson also argues that the district court plainly erred in failing to merge his convictions for stalking and threat of violence at sentencing. Both parties agree that this issue was not preserved and must be reviewed for plain error. As we noted above, one requirement of the plain error standard is that the error complained of should have been obvious to the district court. To establish this, Mr. Josephson "must show that the law governing the error was clear at the time the alleged error was made."[23] Because our law is unclear regarding whether the stalking and threat of violence convictions should have been merged, we find that the alleged error would not have been obvious to the district court and Mr. Josephson's claim fails.

¶24 We begin our analysis by noting that the court of appeals' chief concern in certifying this case to us was to allow us to determine "whether [under the lesser included offense provision] a defendant may be convicted separately of stalking and also the predicate crimes that constitute the course of conduct on which the stalking charge was (in part) based." Importantly, the court of appeals noted that this "question of law has not been . . . settled by" this court. After considering the merger doctrine, the requirements

---

[23] *State v. Dean*, 2004 UT 63, ¶ 16, 95 P.3d 276 (citing *State v. Eldredge*, 773 P.2d 29, 35–36 (Utah 1989)).

of the stalking and threat of violence statutes, and relevant caselaw, we agree with the court of appeals that the law on this point is unclear.

¶25 Merger "is a judicially-crafted doctrine available to protect criminal defendants from being twice punished for committing a single act that may violate more than one criminal statute."[24] In Utah, the legislature "codified the merger doctrine in statute, providing that '[a] defendant may be convicted of an offense included in the offense charged but may not be convicted of both the offense charged and the included offense.'"[25] This is true unless the legislature includes an anti-merger provision, specifically indicating its intent that the offenses not merge.[26]

¶26 In resolving merger questions, "the determination to be made is whether the legislature intended an offense to be a lesser included offense of another."[27] Lesser included offenses are "established by proof of the same or less than all the facts required to establish the commission of [another] offense."[28] In other words, "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."[29]

---

[24] *State v. Smith*, 2005 UT 57, ¶ 7, 122 P.3d 615 (citation omitted) (internal quotation marks omitted); *see also State v. Williams*, 2007 UT 98, ¶ 13, 175 P.3d 1029 ("The merger doctrine derives from the constitutional guarantee that a person may not be held accountable twice for the same criminal conduct." (citations omitted)).

[25] *Williams*, 2007 UT 98, ¶ 13 (alteration in original) (quoting UTAH CODE § 76-1-402(3)).

[26] *Smith*, 2005 UT 57, ¶ 11.

[27] *State v. Bond*, 2015 UT 88, ¶ 69, 361 P.3d 104 (citation omitted) (internal quotation marks omitted); *see also Albernaz v. United States*, 450 U.S. 333, 344 (1981) ("Thus, the question of what punishments are constitutionally permissible is not different from the question of what punishments the [legislature] intended to be imposed.").

[28] UTAH CODE § 76-1-402(3)(a).

[29] *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

¶27 "Utah courts apply a two-tiered analysis to identify lesser-included offenses."[30] Under the first tier, if the "two crimes are such that the greater cannot be committed without necessarily having committed the lesser, then . . . they stand in the relationship of greater and lesser offenses, and the defendant cannot be convicted or punished for both."[31] That analysis is not sufficient here, because both the stalking and threat of violence statutes have multiple variations. Where, as here, the two crimes charged have multiple variations, it is possible that under one variation, an offense would be a lesser-included offense, but under another variation it would not be. So we proceed to the second tier of the analysis and "consider the evidence [used at trial] to determine whether the greater-lesser relationship exists between the specific variations of the crimes actually proved at trial."[32] So we turn to an examination of the stalking and threat of violence statutes and their variations.

¶28 The stalking statute requires proof that a person "intentionally or knowingly engages in a course of conduct directed at a specific person and knows or should know that the course of conduct would cause a reasonable person: (a) to fear for the person's own safety or the safety of a third person; or (b) to suffer other emotional distress."[33] "Course of conduct" is defined as "two or more acts directed at or toward a specific person, including: (i) acts in which the actor follows, monitors, observes, photographs, surveils, threatens, or communicates to or about a person."[34] Additionally, a "person is guilty of stalking who intentionally or knowingly violates: (a) a stalking injunction issued pursuant to Title 77, Chapter 3a, Stalking Injunctions."[35]

¶29 The stalking statute provides that this "section does not preclude the filing of a criminal information for stalking based on the same act which is the basis for the violation of the stalking injunction

---

[30] *State v. Ross*, 951 P.2d 236, 241 (Utah Ct. App. 1997).

[31] *State v. Hill*, 674 P.2d 96, 97 (Utah 1983) (citation omitted) (internal quotation marks omitted).

[32] *State v. Chukes*, 2003 UT App 155, ¶ 10, 71 P.3d 624 (citation omitted).

[33] UTAH CODE § 76-5-106.5(2).

[34] *Id.* § 76-5-106.5(1)(b).

[35] *Id.* § 76-5-106.5(3).

issued pursuant to [the stalking statute], or a permanent criminal stalking injunction."[36] Here, that would mean that the September 30 violation of the stalking injunction could be prosecuted in addition to the stalking charge itself. Although the City largely presented the issue to the jury under the course of conduct theory, this violation of the stalking injunction would also satisfy the elements of stalking.

¶30 In contrast, the threat of violence statute requires proof that either "the person threatens to commit any offense involving bodily injury, death, or substantial property damage, and acts with intent to place a person in fear of imminent serious bodily injury, substantial bodily injury, or death"[37] or "the person makes a threat, accompanied by a show of immediate force or violence, to do bodily injury to another."[38]

¶31 But even if offenses would otherwise be considered lesser included offenses, the legislature may still, by statute, prohibit those offenses from merging. We have held that "if the legislature intends to preclude [the lesser included offense provision] from requiring merger in a specific instance, it must clearly indicate that" intent.[39] "Only when such an explicit indication of legislative intent is present in the specific offense statute will we consider it appropriate to exempt that statute from operation of the general merger requirements in [the lesser included offense provision]."[40]

¶32 The City argues that subsection (5) of the threat of violence statute operates as an anti-merger provision, or an "explicit indication of legislative intent" against merger. This section states that a "person who commits an offense under this section is subject to punishment for that offense, in addition to any other offense committed, including the carrying out of the threatened act."[41]

¶33 Mr. Josephson argues that the language of this provision is not explicit enough to be construed as an anti-merger provision. He asserts that the legislature makes it clear when a statute is exempted

---

[36] *Id.* § 76-5-106.5(16).

[37] *Id.* § 76-5-107(1)(a).

[38] *Id.* § 76-5-107(1)(b).

[39] *Smith*, 2005 UT 57, ¶ 11.

[40] *Id.*

[41] UTAH CODE § 76-5-107(5).

from this doctrine.[42] He points to several statutes that provide exemptions to the merger provision, all of which use the word "merge" explicitly.[43] In response the City points to two additional statutes that contain similar provisions but do not actually include the word "merge."[44]

¶34   As the debate between the parties in this case demonstrates, there is no clearly established law resolving this issue. Indeed, this is a complicated issue with many moving parts. But we need not resolve this issue as part of our plain error review. Because of the admittedly unsettled nature of this area of law, we cannot say that the error should have been obvious to the trial court. So the error, if any, was not plain error, and Mr. Josephson's claim must fail.[45]

**Conclusion**

¶35 Neither of Mr. Josephson's arguments was adequately preserved below. Given the complexity of both issues that are before

---

[42] *See, e.g., id.* § 76-1-405 (explicitly defining instances when a subsequent prosecution is not barred by a former prosecution).

[43] *See, e.g., id.* § 76-5-202(5)(a) ("Any aggravating circumstance . . . that constitutes a separate offense does not merge with the crime of aggravated murder."); *id.* § 76-5-203(5) ("Any predicate offense . . . that constitutes a separate offense does not merge with the crime of murder."); *id.* § 76-8-508(3) ("The offense of tampering with a witness or soliciting or receiving a bribe under this section does not merge with any other substantive offense committed in the course of committing any offense under this section."); *id.* § 76-8-508.3(4) ("The offense of retaliation against a witness, victim, or informant under this section does not merge with any other substantive offense committed in the course of committing any offense under this section.").

[44] *See id.* § 58-37-8(7) ("A person may be charged and sentenced for a violation of this section, notwithstanding a charge and sentence for a violation of any other section of this chapter."); *id.* § 76-6-202(3) ("A violation of this section is a separate offense from any of the offenses listed in Subsections (1)(a) through (g), and which may be committed by the actor while in the building.").

[45] This leaves an important question unanswered. But it would be inappropriate to reach this question given that the court did not plainly err.

us and the fact that the law was unsettled, we cannot charge the trial court with plain error. Accordingly, we affirm.

———————