2008 UT App 474

**VICTOR PLASTERING, INC.,
Plaintiff and Appellant,**

v.

**SWANSON BUILDING MATERIALS,
INC., et al., Defendants and
Appellee.**

No. 20070486–CA.

Court of Appeals of Utah.

Dec. 26, 2008.

---

Ronald Ady, Salt Lake City, for Appellant.

Arnold Richer and Darci D. Tolbert, South Jordan, for Appellee.

Before THORNE, Associate P.J., BENCH and McHUGH, JJ.

## OPINION

THORNE, Associate Presiding Judge:

¶ 1 Victor Plastering, Inc. (Victor) appeals from the district court's grant of summary judgment in favor of Swanson Building Materials, Inc. (Swanson) pursuant to Utah Code section 38–1–11. *See* Utah Code Ann. § 38–1–11 (Supp.2008).[1] We affirm.

## BACKGROUND

¶ 2 Victor is a contractor that performed work on a single-family home located in Utah

---

1. Utah Code section 38–1–11 has been amended and its subsections renumbered since the events giving rise to this litigation. *See* Utah Code Ann. § 38–1–11 (Supp.2008) (amendment notes). Although the parties and the district court refer to the prior version of the statute, we cite exclusively to the current version. The substantive provisions of the two versions of the statute are identical for purposes of this case.

County (the subject property). Victor recorded a notice of claim of mechanics' lien on the subject property with the county recorder on January 14, 2004, and filed a complaint seeking to foreclose the lien on April 13, 2004. Victor's complaint did not name Swanson, which had also performed work on the subject property, as a party defendant, nor did Victor record a notice of lis pendens in regard to its action. Swanson also recorded a notice of claim of mechanics' lien in January 2004 but never filed an action to enforce its lien. Swanson's lien expired by operation of law in July 2004.

¶ 3 In February 2006, the district court granted Victor leave to amend its complaint, and Victor filed an amended complaint naming Swanson as a party defendant. The amended complaint alleged that Swanson had "some claim of right, title, or interest to the [subject] property" and sought to establish that Victor's lien was superior to Swanson's interest. Swanson answered the amended complaint and generally denied Victor's allegations but did not specifically plead Victor's failure to file a notice of lis pendens as a defense.

¶ 4 Swanson and Victor both moved for summary judgment. Swanson argued that it was entitled to summary judgment pursuant to Utah Code section 38–1–11(3) because Victor had failed to record a notice of lis pendens, Swanson was not made a party to Victor's action within the statutory time period, and Swanson did not have actual knowledge of the commencement of Victor's action within the statutory time period. *See id.* § 38–1–11(3). Victor opposed Swanson's motion for summary judgment and sought summary judgment in its own favor, arguing that section 38–1–11(3) provided an affirmative defense that Swanson had failed to plead, and had thereby waived; that Swanson's lien was void due to Swanson's failure to file an action to enforce the lien within 180 days of filing its notice of claim of lien; and that Swanson had no standing to contest the action because Swanson claimed no valid lien or other interest in the subject property. In its response, Swanson conceded that it did not have a lien interest in the subject property but argued that Victor's failure to comply

with section 38–1–11(3) was a jurisdictional flaw in Victor's action that could not be waived and required dismissal of Victor's claim against Swanson.

¶ 5 The district court granted Swanson's motion for summary judgment. In its memorandum decision, the district court found that it was irrelevant that Swanson's lien had expired, that the requirements of section 38–1–11(3) were jurisdictional, and that it was undisputed that Victor had not complied with those requirements. Accordingly, the district court concluded that Victor's lien was void as against Swanson and entered summary judgment, along with an award of attorney fees and costs, in Swanson's favor. Victor then filed a motion for new trial seeking to reverse the district court's judgment, but the district court denied that motion. Victor appeals.

## ISSUES AND STANDARDS OF REVIEW

¶ 6 Victor first argues that Swanson has no standing to contest the validity of Victor's lien because Swanson has disavowed any interest in the subject property. Generally, standing issues present questions of law that we review for correctness. *See Utah Chapter of the Sierra Club v. Utah Air Quality Bd.*, 2006 UT 74, ¶¶ 13–15, 148 P.3d 960.

¶ 7 Victor next argues that summary judgment in Swanson's favor was inappropriate because Swanson failed to meet its burden of establishing that it was entitled to summary judgment and because the requirements of Utah Code section 38–1–11(3) operate as a statute of limitations defense that Swanson waived by failing to plead. Summary judgment and statutory interpretation questions are both questions of law that we review for correctness. *See Superior Receivable Servs. v. Pett*, 2008 UT App 225, ¶ 2, 191 P.3d 31 ("A district court's summary judgment decision presents a question of law that this court reviews for correctness."); *Ellison v. Stam*, 2006 UT App 150, ¶ 16, 136 P.3d 1242 (" 'The proper interpretation and application of a statute is a question of law which we review for correctness, affording no deference to the district court's legal conclusion[s].' " (alteration in original) (quoting *Gutierrez v. Medley*, 972 P.2d 913, 914–15 (Utah 1998))).

## ANALYSIS

### I. Swanson's Standing to Contest Victor's Lien

¶ 8 Victor first argues that Swanson has no standing to contest the validity of Victor's lien because Swanson has no lien or other interest in the subject property. Victor claims that Swanson's admission in its summary judgment briefing below that Swanson has no interest in either the subject property or this litigation deprives Swanson of standing to contest Victor's lien because "[o]ne who is not adversely affected has no standing." *Jenkins v. Swan*, 675 P.2d 1145, 1150 (Utah 1983). We disagree and determine that Swanson has standing to contest Victor's claim solely by virtue of Swanson's status as a party defendant.

¶ 9 In Utah, standing is generally conferred upon a party who has " 'a personal stake in the outcome of the dispute.' " *Washington County Water Conservancy Dist. v. Morgan*, 2003 UT 58, ¶ 20, 82 P.3d 1125 (quoting *National Parks & Conservation Ass'n v. Board of State Lands*, 869 P.2d 909, 913 (Utah 1993)). Even assuming that Swanson has denied that it has a stake in the outcome of this litigation, we do not see that denial as negating Swanson's ability to defend itself against Victor's action. The vast majority of Utah standing law has developed in the context of evaluating a plaintiff's ability to prosecute a claim, not a defendant's ability to defend against it. Victor fails to identify a single case where a named defendant has been precluded from defending a suit merely because the defendant disclaims any interest in the subject of the litigation, nor have we located any such case. *Cf. Knight v. Alabama*, 14 F.3d 1534, 1555 (11th Cir.1994) ("[I]t is not generally required that a defendant have any particular 'standing' in order to be sued in a trial court. . . ."). Indeed, many defendants' primary litigation position is that they have no interest in the action against them; this position does not preclude them from asserting other defenses. *See* Utah R. Civ. P. 8(e)(2) ("A party may also state as many separate claims or defenses as he has *regardless of consistency* . . . ." (emphasis added)).

¶ 10 Here, regardless of Swanson's litigation position, Victor's amended complaint alleges that Swanson does have "some claim of right, title, or interest to the [subject] property." Victor's claim against Swanson seeks to establish that Victor's lien is superior to Swanson's alleged interest and, at this point, also seeks attorney fees against Swanson. This is enough to give Swanson a personal stake in the outcome of the litigation such that Swanson has standing to defend itself against Victor's claim.

### II. The District Court's Summary Judgment Order

¶ 11 Victor next raises two arguments that summary judgment in Swanson's favor was inappropriate. First, Victor argues that Swanson failed to meet its burden of production in support of its motion for summary judgment because Swanson did not claim, and in fact denied, any interest in the subject property. Second, Victor argues that the procedural requirements of section 38–1–11(3) amount to a statute of limitations defense that Swanson waived when it failed to plead it in its answer to Victor's amended complaint. We reject both of these arguments and affirm the district court's entry of summary judgment in Swanson's favor.

¶ 12 We reject Victor's burden of production argument for the same reasons we reject its standing argument: Victor is attempting to establish the superiority of its lien over Swanson's, it has pleaded Swanson into court, and Swanson is entitled to defend itself against Victor's action. Further, Victor's single-minded focus on the admitted invalidity of Swanson's lien ignores Victor's failure to record a notice of lis pendens, the consequence of which is that Victor's lien "is *rendered void* as to everyone except those named in the action and those with actual knowledge of the action." *Projects Unlimited, Inc. v. Copper State Thrift & Loan Co.*, 798 P.2d 738, 752 (Utah 1990) (emphasis added). Swanson's lien may also be void due to Swanson's own failure to comply with the statute, but it is Victor, not Swanson, who is seeking to enforce its lien. Accordingly, Swanson is entitled to avail itself of whatever statutory defenses exist against Victor's

claim, including Victor's failure to comply with the lis pendens requirement of section 38–1–11(3). *See Projects Unlimited, Inc.,* 798 P.2d at 752 ("[W]hen the claimant fails to timely record the lis pendens . . . an interested person [can] argue that it is not subject to the lien . . . ."); *cf. Kelly v. Hard Money Funding, Inc.,* 2004 UT App 44, ¶ 19, 87 P.3d 734 ("To succeed in an action to quiet title to real estate, a plaintiff must prevail on the strength of his own claim to title and not on the weakness of a defendant's title or even its total lack of title." (internal quotation marks omitted)).

¶ 13 Victor next argues that the lis pendens and notice requirements of Utah Code section 38–1–11(3) represent a statute of limitations defense that Swanson waived when it failed to plead the defense in its answer. Section 38–1–11(3) states:

> (a) Within the time period provided for filing in Subsection (2) the lien claimant shall file for record with the county recorder of each county in which the lien is recorded a notice of the pendency of the action, in the manner provided in actions affecting the title or right to possession of real property, or the lien shall be void, except as to persons who have been made parties to the action and persons having actual knowledge of the commencement of the action.
>
> (b) The burden of proof is upon the lien claimant and those claiming under the lien claimant to show actual knowledge under Subsection (3)(a).

Utah Code Ann. § 38–1–11(3) (Supp.2008).

¶ 14 In *Projects Unlimited, Inc. v. Copper State Thrift & Loan Co.,* 798 P.2d 738 (Utah 1990), the Utah Supreme Court rejected the argument that Utah Code section 38–1–11(2)'s requirement that a lien claimant file suit within 180 days of filing its notice of claim constitutes a waivable statute of limitations defense. *See id.* at 751–52. The supreme court has never expressly considered the effect of section 38–1–11(3)'s lis pendens and notice requirements, but for the reasons expressed in *Projects Unlimited, Inc.,* we hold that those requirements also provide a non-waivable defense that cannot be construed as a statute of limitations.

¶ 15 Pursuant to Utah Code section 38–1–11(3), when a lien claimant fails to timely record a notice of lis pendens, its lien "is rendered void as to everyone except those named in the action and those with actual knowledge of the action." *Projects Unlimited, Inc.,* 798 P.2d at 752. While "the lien itself is not invalidated" by a claimant's failure to file the lis pendens notice, it is "rendered void" as to all but those who are on notice of the enforcement of the lien as enumerated in the statute. *See id.* Thus, the lis pendens and notice requirements of section 38–1–11(3) "serve[ ] as a substantive restriction on the lien action" against a defendant without notice "and, unlike a true statute of limitation, is not waived if not pleaded." *Projects Unlimited, Inc.,* 798 P.2d at 751 n. 13.

¶ 16 In light of our determination that section 38–1–11(3) provides a substantive, non-waivable defense, the district court's summary judgment order was appropriate regardless of whether section 38–1–11(3) is, additionally, jurisdictional. Even a court without subject matter jurisdiction has the power to dismiss an action for lack of jurisdiction, *see Varian–Eimac, Inc. v. Lamoreaux,* 767 P.2d 569, 570 (Utah Ct.App. 1989) ("When a matter is outside the court's jurisdiction it retains only the authority to dismiss the action."), and here, we are merely affirming the dismissal of Victor's claim.[2] Although we ordinarily must address jurisdictional arguments as threshold matters, *see, e.g., Houghton v. Department of Health,* 2005 UT 63, ¶ 16, 125 P.3d 860 ("[I]t is generally true that the issue of subject matter jurisdiction 'is a threshold issue,' which can be raised at any time and must be addressed before the merits of other claims . . . ."), we decline to do so in this matter

---

**2.** We note that an award of attorney fees to the successful party in a lien enforcement action is permissible even when the matter is dismissed for lack of subject matter jurisdiction. *See AAA* *Fencing Co. v. Raintree Dev. & Energy Co.,* 714 P.2d 289, 291–92 (Utah 1986) (dismissing lien enforcement action for lack of jurisdiction and awarding attorney fees to successful defendant).

because it is unnecessary to the resolution of this appeal.[3]

¶ 17 We hold that Swanson properly sought, and the district court properly granted, summary judgment despite the flaws in Swanson's own lien and Swanson's failure to plead section 38–1–11(3) as an affirmative defense. Accordingly, the judgment of the district court is affirmed.

## CONCLUSION

¶ 18 Victor's action against Swanson to establish the superiority of Victor's lien over Swanson's gave Swanson a personal stake in the outcome of the dispute, and thus, Swanson had standing to contest the validity of Victor's lien. The district court properly granted summary judgment to Swanson because Victor failed to comply with Utah Code section 38–1–11(3) by recording notice of lis pendens within 180 days of filing its notice of claim and Swanson was neither made a party to Victor's action nor had actual knowledge of the commencement of that action within the statutory time limit. Accordingly, Victor's lien was "rendered void" as to Swanson, see *Projects Unlimited, Inc.*, 798 P.2d at 752, and the district court appropriately entered summary judgment in Swanson's favor. We affirm the judgment of the district court and remand this matter for a determination and award of Swanson's reasonable attorney fees incurred on appeal. *See generally Valcarce v. Fitzgerald*, 961 P.2d 305, 319 (Utah 1998) ("[W]hen a party who received attorney fees below prevails on appeal, the party is also entitled to fees reasonably incurred on appeal." (internal quotation marks omitted)).

¶ 19 WE CONCUR: RUSSELL W. BENCH and CAROLYN B. McHUGH, Judges.

---

**3.** Prior cases suggest that Utah Code section 38–1–11(3) may be jurisdictional, but those cases do not specifically analyze possible distinctions between the commencement of action requirement of Utah Code section 38–1–11(2), which is jurisdictional, and the lis pendens and notice requirements of section 38–1–11(3). *See* Utah Code Ann. § 38–1–11(2)–(3) (Supp.2008); *Pearson v.*

*Lamb*, 2005 UT App 383, ¶ 13, 121 P.3d 717; *Interlake Distribs., Inc. v. Old Mill Towne*, 954 P.2d 1295, 1297–99 (Utah Ct.App.1998). Nor did the parties in this case brief the possible distinctions between the two subsections. We also note that Victor's reply brief, which may or may not have shed additional light on this issue, was rejected as untimely.