2018 UT App 33

## THE UTAH COURT OF APPEALS

MCG SOUTHERN LLC,
Appellee and Cross-appellant,

*v.*

VERACITY NETWORKS LLC,
Appellant and Cross-appellee,

*v.*

STEPHEN T. CHRISTENSEN,
Appellee,

Opinion
No. 20160431-CA
Filed February 23, 2018

Third District Court, Salt Lake Department
The Honorable Robert P. Faust
No. 130903953

Richard D. Burbidge, Jefferson W. Gross, S. Ian Hiatt,
and Carolyn J. LeDuc, Attorneys for Appellant
and Cross-appellee

Brennan H. Moss and Jedediah G. Brinton, Attorneys
for Appellees and Cross-appellant

JUDGE DIANA HAGEN authored this Opinion, in which JUDGES
KATE A. TOOMEY and DAVID N. MORTENSEN concurred.

HAGEN, Judge:

¶1     MCG Southern LLC (MCG) sued Veracity Networks LLC (Veracity) for breach of a lease agreement. In response, Veracity asserted that the lease was voidable due to an alleged breach of fiduciary duty by the principal who negotiated and executed the lease. On summary judgment, the district court ruled that Veracity did not have standing to assert the breach of fiduciary duty claim and that MCG was entitled to judgment as a matter of law. Veracity appeals the grant of summary judgment, and

MCG cross-appeals the district court's calculation of damages. Because we reverse the grant of summary judgment and vacate the district court's subsequent decisions, we do not reach the issue of damages.

BACKGROUND

¶2     In 2001, Christensen formed Broadweave Networks of St. George LLC and Broadweave Networks, Inc. (collectively, Broadweave), which provided telephone and internet services to a master-planned community in Washington County, Utah. Christensen served as Broadweave's CEO, president, and chairman of the board of directors (the Board) until 2009.

¶3     Broadweave leased a building on property owned by the State of Utah. In November 2007, Christensen proposed to the Board that he form a new company (later organized as MCG) "to lease the Real Property from [the State of Utah], purchase the Building, and then lease the Building to Broadweave."

¶4     In October 2007, Christensen provided the Board with written disclosures concerning this proposal. In part, the disclosures explained that "the new company would lease the building to Broadweave at a monthly rate of 1.2 times the amount of the new company's loan payment, taxes and insurance in order to qualify for a commercial mortgage and which would be a loan requirement." This multiplier is known as a Debt Service Coverage Ratio or DSCR. These disclosures were memorialized in a resolution approved by the Board.

¶5     Christensen subsequently formed MCG and obtained a loan from Far West bank, which required a DSCR multiplier of 1.3—a higher rate than the 1.2 offered by the lender that Christensen initially proposed to the Board. On August 1, 2008, Christensen, acting on behalf of both MCG and Broadweave, executed a written lease agreement in which MCG leased the building to Broadweave at the 1.3 rate.

¶6    In 2009, Veracity Communications and Broadweave combined "their respective business activities," which were "controlled and owned by [Veracity]." Following the acquisition, Veracity assumed Broadweave's lease payments to MCG.

¶7    In May 2013, MCG filed a complaint against Veracity for breach of lease (failure to pay rent), unlawful detainer, and waste with regard to the building. In response to the complaint, Veracity filed an answer and counterclaims and asserted a third party complaint against Christensen for, among other things, breach of fiduciary duty. Specifically, Veracity alleged that Christensen breached his duty to Broadweave when he entered into a lease that set the monthly building rent above the amount approved by the Board and that the lease was therefore voidable. As the successors to Broadweave's claims and interests, Veracity argued that it was entitled to assert this breach of fiduciary duty as a counterclaim and defense.

¶8    Both parties moved for summary judgment. At the heart of the dispute was whether the lease agreement was valid, or whether it was voidable because of Christensen's alleged breach of fiduciary duty. MCG filed a supplemental brief in support of its motion for summary judgment, arguing that Veracity "lacks standing to challenge the lease entered into by [MCG] and Broadweave." During oral argument on the motions, the district court questioned whether Veracity had "standing" to assert its breach of fiduciary duty claims. The court asked Veracity to submit "a supplemental filing to specifically cite to the exact provisions or paragraphs in the documents consisting of the Broadweave/Veracity transactions (300 plus pages) by which [Veracity] claims standing or the right to bring a cause of action for breach of a fiduciary duty owed to Broadweave." At oral argument and in a supplemental filing, Veracity pointed to the initial contribution agreement between Broadweave and Veracity that transferred "all of Broadweave's Assets," other than a discrete list of excluded assets not relevant to the issues on appeal.

¶9 The district court granted MCG's motion for summary judgment. Among other things, the court ruled that "Veracity does not have standing to assert breaches of fiduciary duty not owed to them." The court determined that "[t]he claim for violation of a fiduciary duty owed by Mr. Christensen to Broadweave belongs to Broadweave, because the fiduciary relationship existed between them, and not with Defendant Veracity." The court then concluded that Veracity did not have the right to assert this claim, because there was "no specific document making an assignment of a claim for any supposed breach of fiduciary duties" from Broadweave to Veracity. In addition, the court reasoned that the mere receipt of some assets and contractual obligations from Broadweave does not grant Veracity "standing" to assert the claim. Having concluded that Veracity could not maintain its defense or counterclaims based on a breach of fiduciary duty, the court ruled that MCG was entitled to summary judgment as a matter of law and dismissed Veracity's counterclaims against MCG and its third party complaint against Christensen. In subsequent written orders, the court awarded MCG damages and attorney fees.

¶10 Veracity appealed the grant of summary judgment and MCG cross-appealed the court's calculation of damages. Veracity contends that the district court erred by ruling that Veracity lacked standing to challenge the validity of the lease based on Christensen's alleged breach of his fiduciary duty to Broadweave. Because the court's ruling on standing drove its subsequent analysis, Veracity argues that the court's order granting summary judgment in favor of MCG and dismissing Veracity's counterclaims and third party complaint must be reversed.

ISSUE AND STANDARD OF REVIEW

¶11 Veracity contends that the district court erred when it ruled that MCG was entitled to summary judgment as a matter of law because Veracity did not have standing to challenge the

validity of the lease based on Christensen's alleged breach of his fiduciary duty to Broadweave.

¶12    A district court's grant or denial of a motion for summary judgment is reviewed for correctness, viewing "the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." *Orvis v. Johnson*, 2008 UT 2, ¶ 6, 177 P.3d 600 (citation and internal quotation marks omitted). "The court shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Utah R. Civ. P. 56(a).

¶13    Because we reverse the district court's grant of summary judgment and vacate its subsequent decisions, we do not reach the remaining issues.


ANALYSIS

¶14    Veracity appeals the district court's grant of summary judgment in favor of MCG and dismissal of Veracity's counterclaims and third party complaint against Christensen. The court's ruling turned on whether Veracity could assert that Christensen breached his fiduciary duty to Broadweave in negotiating the lease, thereby rendering the lease voidable. Veracity asserted this argument both as a defense against MCG's claims that Veracity violated the lease and as the basis for Veracity's counterclaims against MCG and third party complaint against Christensen. Because the fiduciary duty existed between Christensen and Broadweave, the court ruled that Veracity did "not have standing to assert breaches of fiduciary duty not owed to [it]." Having foreclosed Veracity's only defense to the validity of the lease, the court concluded that there were no genuine disputes as to any material fact and that MCG was entitled to summary judgment as a matter of law.

¶15    Veracity's ability to assert a breach of fiduciary duty claim is a question of assignability, not standing. "In Utah, standing is

generally conferred upon a party who has 'a personal stake in the outcome of the dispute.'" *Victor Plastering, Inc. v. Swanson Bldg. Materials, Inc.*, 2008 UT App 474, ¶ 9, 200 P.3d 657 (quoting *Washington County Water Conservancy Dist. v. Morgan*, 2003 UT 58, ¶ 20, 82 P.3d 1125). Not surprisingly, "[t]he vast majority of Utah standing law has developed in the context of evaluating a plaintiff's ability to prosecute a claim, not a defendant's ability to defend against it." *Id.* As this court has previously recognized, a defendant will necessarily have a personal stake in the outcome of litigation solely by virtue of being named as a party defendant. *Id.* In fact, even where the defendant disclaims any interest in the subject of the litigation, the defendant still has standing to defend itself against the plaintiff's suit. *Id.*

¶16 In this case, there is no question that Veracity has a personal stake in the outcome of this litigation. MCG sued Veracity for breach of the lease agreement entered into by Broadweave. The lawsuit is predicated on the undisputed fact that Veracity assumed legal responsibility for the lease agreement along with Broadweave's other assets and liabilities. Veracity will suffer a distinct and palpable injury if the contract is enforced and MCG is awarded damages. As a result, Veracity clearly has standing to defend itself against MCG's lawsuit by contesting the enforceability of the contract.

¶17 The real question is whether Broadweave's potential breach of fiduciary duty claim was assigned to Veracity along with its liability for the lease. The answer is dictated by the parties' allegations and admissions in the pleadings. In Veracity's answer, counterclaim, and third party complaint against Christensen, it alleges that "Veracity was formed in October of 2009 and acquired certain assets and liabilities of Broadweave . . . . Pursuant to the acquisition, *Veracity is the successor to Broadweave's claims and interests in this case*." (Emphasis added.) The MCG Parties address this specific allegation in their amended answer by "admit[ting] that Veracity is the successor to Broadweave's claims and interest."

¶18    "If the defendant admits any fact or facts in its answer, it thereby waives proof of all facts thus admitted, and the issue to which such admissions relate must be determined in accordance with such admissions." *Garland v. Fleischmann*, 831 P.2d 107, 111 (Utah 1992) (citation and internal quotation marks omitted). Furthermore, such an admission "precludes the pleader from denying obligations implied by law from such admitted facts." *Id.* Because Veracity alleged and MCG admitted that Veracity is "the successor to Broadweave's claims and interests in this case," this fact was deemed admitted for the purposes of summary judgment.

¶19    "Unless withdrawn or amended, admissions have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Roberts v. Roberts*, 2014 UT App 211, ¶ 41, 335 P.3d 378 (citation and internal quotation marks omitted). Here, MCG never moved to withdraw or amend its answer admitting that Veracity was "the successor to Broadweave's claims and interests in this case." As a result, Veracity was relieved of its obligation to prove that Broadweave's potential breach of fiduciary duty claim had been assigned to Veracity as part of the acquisition. But instead of accepting the parties' admissions, the district court found that "there is no specific document making an assignment of a claim for any supposed breach of fiduciary duties from Broadweave to Defendant Veracity in the transactional documents between Broadweave and Defendant Veracity." The court's finding was in direct contradiction to what was alleged and admitted by the parties. Therefore, the district court erred in ruling that Veracity could not challenge the validity of the lease based on Christensen's alleged breach of fiduciary duty to Broadweave.

¶20    The district court's ruling that MCG was entitled to judgment as a matter of law was based on the mistaken premise that Veracity could not defend this lawsuit by contesting the

validity of the lease. Having determined otherwise, we vacate the district court's ruling in its entirety.[1]

CONCLUSION

¶21 Because the parties admitted that "Veracity is the successor to Broadweave's claims and interest in this case," the district court erred in ruling that Veracity could not challenge the validity of the lease based on an alleged breach of fiduciary duty owed to Broadweave. As a result, MCG was not entitled to judgment as a matter of law. We reverse the grant of summary judgment, vacate the district court's subsequent decisions, and remand for further proceedings.[2]

─────────

1. Although the district court did not reach the merits of whether a breach of fiduciary duty rendered the lease voidable, MCG urges us to consider the merits as an alternative ground for affirmance. However, there are genuine disputes of material fact that would preclude summary judgment on this basis, including a factual dispute over whether Christensen fully disclosed material information to the Board and obtained its approval to enter into a lease with a higher rent payment than he initially proposed.

2. Veracity has requested attorney fees incurred in pursuing this appeal and in opposing MCG's related writ petition, which this court previously denied. The Lease provides for an award of reasonable attorney fees to the prevailing party in any action "to recover any rent or other amount under this Lease because of any default under this Lease, to enforce or interpret any of the provisions of this Lease, or for recovery of possession of the Premises." Because the entitlement to attorney fees turns on who is the prevailing party, we deny the request without prejudice, and remand the issue of attorney fees, including those associated with this appeal and the related writ, to be determined by the district court after further proceedings on the merits.