**2019 UT App 53**

## THE UTAH COURT OF APPEALS

VERACITY NETWORKS LLC,
Appellant,
*v.*
MCG SOUTHERN LLC,
Appellee.

Opinion
No. 20170580-CA
Filed April 4, 2019

Third District Court, Salt Lake Department
The Honorable Robert P. Faust
No. 160907558

Richard D. Burbidge and Carolyn J. LeDuc,
Attorneys for Appellant

Brennan H. Moss, Attorney for Appellee

JUDGE JILL M. POHLMAN authored this Opinion, in which
JUDGES GREGORY K. ORME and MICHELE M. CHRISTIANSEN
FORSTER concurred.

POHLMAN, Judge:

¶1      In this interpleader case, Veracity Networks LLC appeals
the district court's judgment awarding attorney fees to MCG
Southern LLC. Veracity contends that the district court erred in
awarding attorney fees under the attorney fees provision and the
indemnification provision of the parties' lease agreement. We
agree with Veracity that the court erred in awarding fees under
the attorney fees provision, but we are unable to review the
court's decision under the indemnification provision due to a
lack of findings and analysis. We therefore vacate the award and
remand for further proceedings consistent with this opinion.

BACKGROUND

¶2    Veracity leased certain commercial property from MCG. In 2013, MCG filed a complaint for unlawful detainer and other claims against Veracity (the Underlying Action), relying on a written lease agreement (the Lease). The district court granted summary judgment to MCG, concluding that, among other things, Veracity did not have standing to contest the validity of the Lease. Veracity appealed that decision to this court. *See MCG S. LLC v. Veracity Networks LLC*, 2018 UT App 33, ¶¶ 9–10, 415 P.3d 1174.

¶3    While the appeal was pending, Veracity filed a complaint for interpleader[1] and thereby initiated the present action (the Interpleader Action). In the complaint's general allegations, Veracity described the Underlying Action. It acknowledged the district court's ruling, but it "maintain[ed] [that the Lease] is invalid" and noted the pending appeal. Veracity then alleged that after the district court's ruling, it paid monthly rent to MCG, albeit "under protest." It also alleged that after Banner Bank— MCG's assignee of the rent payments—sent notice of assignment of rents and demanded direct payment of rents, Veracity made rent payments to Banner Bank, also "under protest." Finally, it

---

1. "An action in interpleader is a proceeding in equity in which a person who has possession of money or property which may be owned or claimed by others seeks to rid himself of risk of liability, or possible multiple liability, by disclaiming his interest and submitting the matter of ownership for adjudication by the court." *Terry's Sales, Inc. v. Vander Veur*, 618 P.2d 29, 31 (Utah 1980); *see also Interpleader*, Black's Law Dictionary 943 (10th ed. 2014) (explaining that interpleader is a "suit to determine a right to property held by a usu[ally] disinterested third party (called a *stakeholder*) who is in doubt about ownership and who therefore deposits the property with the court to permit interested parties to litigate ownership").

alleged that Shawn Robinson, an attorney for MCG, claimed to have an attorney's lien against the commercial property and demanded that Veracity make rent payments to him. Veracity therefore named MCG, Banner Bank, and Robinson as defendants in the Interpleader Action.

¶4 Given the "competing demands for payment of rent" and the resulting potential for "multiple liabilities against Veracity," Veracity alleged in the only count of its complaint that although it had "an obligation to pay monthly rent, in a disputed amount," it was "unable to determine the proper party to whom the rent should be paid." Veracity explained the nature of its dispute, alleging that "Veracity disputes any obligation to pay rent beyond 1.2 times the monthly mortgage payment owed by MCG to Banner Bank and retains an interest in any rents paid beyond that amount." And Veracity concluded with the allegation that it was necessary to interplead the current and future rent payments with the district court, because Veracity was "in doubt as to which claim or claims of the parties are legally correct and have priority, and as [it] also claims an interest in certain portions of the rent payments."

¶5 In its prayer for relief, Veracity requested that "the Court order that Veracity may interplead the funds at issue with the Court"; that "each of the Defendants be restrained from instituting any action against Veracity for the recovery of funds at issue"; that the court "adjudge to whom the funds should be paid"; and that "Veracity be discharged from all liability under the premises." It also requested that "Veracity be awarded its reasonable fees and costs as provided by law" and that "the Court order such other relief as the Court may deem proper."

¶6 In answering Veracity's complaint, Robinson admitted that "his Lien is inferior to the obligation owed to Banner Bank and withdr[ew] his claim for rents." Based on a subsequent stipulation, the district court dismissed Robinson from the case.

¶7     Banner Bank answered the complaint by asserting that "any rents that Veracity admits to owing to MCG under any rental or lease agreement should be immediately paid to Banner Bank." It also urged the court to dismiss it from the Interpleader Action "because there is no interpleader dispute existing between Banner [Bank] and MCG."

¶8     MCG moved to dismiss the Interpleader Action. According to MCG, Banner Bank and MCG agreed that the rents owed by Veracity "should be paid directly to Banner Bank," and therefore "there is no dispute to the funds." MCG further argued that "interpleader requires the plaintiff or stakeholder to disclaim any interest in the funds," that Veracity improperly "continue[d] to maintain an interest in the funds," and that through the Interpleader Action Veracity was making an "inappropriate collateral attack on" the ruling in the Underlying Action. MCG thus asserted that the Interpleader Action was "improper and should be dismissed."

¶9     Veracity opposed MCG's motion to dismiss. It stated that "it has been faced with competing demands as to whom rents should be paid and has asserted as much in its complaint, thus stating a claim for interpleader." According to Veracity, "there [was] still a dispute as to the recipient of Veracity's rental payments," and "[i]f MCG and Banner Bank were to stipulate to the proper recipient of the interpleaded funds and future rents and if MCG were to amend its Answer to acknowledge Banner Bank's right to the interpleaded funds and future rents, Veracity would likely agree to dismissal and disbursement of the interpleaded funds to Banner Bank," "subject to reservation of Veracity's claimed interests." With respect to Veracity's claimed interests, Veracity asserted that it "disputes the amount of rent claimed by MCG but, nonetheless, has paid the amount claimed, albeit under protest so as to preserve its rights to recoup overpayments" and to "avoid any argument of waiver down the road." Veracity further explained that "[r]eserving its rights and interests to overpayments is entirely consistent with modern

interpleader"[2] and that its "reservation of rights does not preclude Veracity's interpleader action."

¶10     The district court granted MCG's motion to dismiss, concluding that "there [was] no present basis for an interpleader suit as the interpled Defendants [did] not dispute among themselves as to which of them is entitled to the funds." The court explained that neither Robinson nor MCG disputed Banner Bank's rights to the rent payments and consequently Banner Bank has an "uncontested assignment of rents and is entitled to the rents." The court also noted "the other issues of the complaint have already been determined in another case which is currently on appeal."

¶11     After the Interpleader Action was dismissed, MCG moved for an award of its attorney fees, relying on two provisions of the Lease. First, under the attorney fees provision in Paragraph 22.13, MCG argued that as a prevailing party it should receive attorney fees from Veracity in an action brought to interpret the Lease. In support, MCG asserted that "not only was [the Interpleader Action] brought to determine to whom the rent should be paid under the Lease, but Veracity also put the terms of the Lease at issue

---

2. In arguing the motion to dismiss, the parties disputed whether "modern interpleader," which allows for actions "in the nature of interpleader," is consistent with Utah law. *See generally* 44B Am. Jur. 2d *Interpleader* § 1 (2017) ("An action in the nature of interpleader is one in which the interpleading plaintiff asserts an interest in the subject matter of the dispute but is otherwise identical to traditional interpleader."). We need not decide whether Utah law allows for an action "in the nature of interpleader." As discussed below, the only relevant question about the nature of the present action is whether the Interpleader Action is an action to interpret the Lease as required by the attorney fees provision. *See infra* ¶ 19.

in its Complaint." Veracity did so, MCG asserted, "by specifically requesting that [the district court] interpret the Lease in its favor, either by recognizing and accepting its arguments that Veracity should not be held liable for the face value rental amount on the Lease or by holding that Veracity has no liability under the Lease whatsoever for its occupancy of the premises." MCG's assertions relied on the portions of Veracity's complaint disputing the amount due under the Lease, claiming to "retain an interest" in rents, and asking for its liability to be discharged. *See supra* ¶¶ 3–5. Second, under the indemnification provision in Paragraph 11.1 of the Lease, MCG argued that it should receive attorney fees because the litigation was commenced by Veracity, MCG was made a defendant to the case, and "[t]here has been no willful misconduct or gross negligence by MCG."[3]

¶12 Veracity opposed MCG's motion for attorney fees, arguing that the plain terms of the Lease do not provide for an award of fees to MCG. According to Veracity, the Interpleader Action was not an action to "enforce or interpret any of the provisions" of the Lease and therefore did not meet any of the predicates for an award of attorney fees under the attorney fees provision. Contrary to MCG's claim that Veracity's complaint put the Lease's interpretation at issue, Veracity stated that, in its complaint, it "simply included its recitation of the underlying facts and litigation [in the Underlying Action] as background information for the Court . . . and to preserve its position that MCG's subject lease is invalid and the rental amounts are in

---

3. The indemnification provision states that Tenant shall indemnify Landlord for losses "arising from . . . any litigation commenced by or against Tenant to which Landlord is made a party without willful misconduct or gross negligence on the part of Landlord."

dispute."[4] Veracity also argued that the indemnification provision similarly does not authorize an award of attorney fees to MCG for the reason that MCG had committed "willful misconduct and gross negligence." Specifically, Veracity argued that MCG did not show that its failure to meet its obligations, which included making its monthly mortgage payments and paying its prior counsel, "was anything other than willful or negligent." Veracity further complained that it had "had no opportunity to conduct discovery as to MCG's failure to meet its obligations." In its reply memorandum in support of its motion for attorney fees, MCG did not respond to Veracity's arguments and allegations related to the indemnification provision.

¶13    The district court granted MCG's motion for attorney fees, stating, "Pursuant to Rule 73 of the Utah Rules of Civil Procedure and Paragraphs 22.13 and 11.1 of the Lease, MCG is entitled to attorney fees from Veracity . . . ." Veracity appeals.

¶14    During the pendency of the present appeal, this court reversed the district court's summary judgment in the Underlying Action. Concluding that the district court erred in

_____

4. Additionally, after Banner Bank filed a proposed order to distribute the interpleaded funds, Veracity objected to the proposed language that "Banner Bank has an uncontested assignment of rents and is entitled to the interpled funds." Veracity complained that the "paragraph should be modified to reflect that Veracity disputes the amount of rent and is pursuing relief from the Utah Court of Appeals" in the Underlying Action. Veracity proposed modifying the paragraph to state that "Banner Bank has an assignment of rents and is entitled to the interpled rents subject to Veracity's reservation of rights as to the disputed amounts and the resolution of issues currently on appeal." The district court eventually entered an order simply stating that "the interpleaded funds in this matter [will] be paid by the Clerk of the Court to Banner Bank."

ruling that "Veracity could not defend [the] lawsuit by contesting the validity of the lease," this court remanded the Underlying Action to the district court for further proceedings. *MCG S. LLC v. Veracity Networks LLC*, 2018 UT App 33, ¶¶ 20–21, 415 P.3d 1174.

ISSUE AND STANDARD OF REVIEW

¶15    On appeal, Veracity contends that the district court erred in awarding attorney fees to MCG under the attorney fees provision and the indemnification provision of the Lease. "In Utah, attorney fees are awardable only if authorized by statute or contract." *R.T. Nielson Co. v. Cook*, 2002 UT 11, ¶ 17, 40 P.3d 1119 (cleaned up). "[I]f provided for by contract, the award of attorney fees is allowed only in accordance with the terms of the contract." *Id.* We review for correctness the district court's decision that attorney fees are recoverable. *Id.* ¶ 16.

ANALYSIS

¶16    Veracity contends that neither the attorney fees provision nor the indemnification provision authorizes an award of fees in this case and that therefore the district court erroneously awarded attorney fees to MCG. We agree that the district court should not have awarded attorney fees under the attorney fees provision. But because we are unable to discern the basis for the district court's decision to award attorney fees under the indemnification provision, we remand the case for entry of a new decision on that issue.

I. The Attorney Fees Provision

¶17    Veracity contends that the district court's award of attorney fees is erroneous under the plain language of the attorney fees provision. That provision, Veracity asserts, "only

authorizes attorney fees in certain types of actions"—including actions brought to interpret the Lease—and the Interpleader Action "is not one of them." In support, Veracity argues that, in the Interpleader Action, it "only sought to have the district court resolve the competing claims to Veracity's rent payment," not to "relitigate the amount of monthly rent due under the Lease." Veracity explains that its factual recitations about the rent dispute in the Underlying Action were merely "factual background" and "were intended solely to avoid waiving its rights to seek recoupment of rent overpayments in the event that it obtains a rent reduction in the [Underlying Action]."

¶18   MCG responds that the district court correctly awarded attorney fees under the attorney fees provision because the Interpleader Action qualified as one of the types of actions for which attorney fees are authorized, namely, an action "brought to . . . interpret . . . the provisions of this Lease." MCG asserts that Veracity "put the terms of the Lease at issue" by "attempt[ing] to use the [Interpleader Action] to have the court interpret its rights under the Lease and to maintain its claim to a portion of the lease payments." MCG further asserts that Veracity wanted to use the Interpleader Action "to get a ruling" allowing it to "recover a portion of the monthly lease payments."

¶19   The Lease's attorney fees provision, contained in Paragraph 22.13, states:

> If any action is brought to recover any rent or other amount under this Lease because of any default under this Lease, to enforce or interpret any provision of this Lease, or for recovery of possession of the Premises, the party prevailing in such action shall be entitled to recover from the other party reasonable attorneys' fees (including those incurred in connection with any appeal), the amount of which shall be fixed by the court and made part of any judgment rendered.

Under this provision's plain language, attorney fees are potentially available in only three types of actions: actions "brought to recover any rent or other amount under this Lease because of any default," actions "to enforce or interpret any provision of this Lease," and actions "for recovery of possession of the Premises." Only the second of these is at issue here. Hence, the question presented is whether the district court correctly decided that the Interpleader Action was an action brought to interpret the Lease.

¶20    We agree with Veracity that the Interpleader Action was not brought to interpret the Lease. Veracity's complaint in the Interpleader Action alleged only one count, a count for interpleader. In its prayer for relief, Veracity explained to the district court that because "there are competing demands by the Defendants against the monthly rent payments and because Veracity is unable to determine the proper party to whom rents should be paid," it asked the court to "order that Veracity may interplead the funds at issue with the Court," to restrain the defendants "from instituting any action against Veracity for the recovery of funds at issue," and to "adjudge to whom the funds should be paid."[5] For the district court to act on these requests, it was not required to decide what the Lease meant. Rather, the court would decide to whom rent should be paid by looking at

---

5. Veracity's prayer for relief also asked that "Veracity be discharged from all liability under the premises." In the district court, MCG relied on this language as evidence that Veracity was asking the court to interpret the Lease. On appeal, Veracity complains that MCG "mischaracteriz[ed]" this part of the complaint, explaining that this portion of its prayer for relief meant only that it wanted to "be relieved of any further liability for the funds that it was depositing into the court." On appeal, MCG does not persuasively argue for an alternative interpretation of this particular language.

Banner Bank's notice of assignment of rents, Robinson's demand letter, and other related documents. Thus, Veracity's prayer for relief did not request that the district court interpret the Lease in the Interpleader Action.

¶21 Likewise, Veracity did not ask elsewhere in the complaint for the district court to adjudicate the Lease's meaning or Veracity's rights concerning the Lease. True, Veracity's complaint for interpleader mentioned that Veracity maintained that the Lease was invalid, that the monthly rent was "a disputed amount," and that Veracity "also claims an interest in certain portions of the rent payments." Though allegations like these are perhaps unusual in an interpleader action, Veracity did not seek an interpretation of the Lease or request an adjudication of disputed terms. Rather, Veracity acknowledged in its complaint that issues relating to the interpretation and enforcement of the Lease had been adjudicated in the Underlying Action and were on appeal to this court. The fact that Veracity sought to reserve its rights regarding the funds it had deposited in the event it succeeded on appeal in the Underlying Action does not mean that Veracity sought to adjudicate those issues anew in the Interpleader Action.

¶22 Moreover, Veracity's subsequent filings in the Interpleader Action confirm that Veracity did not seek relief related to the interpretation of the Lease. For instance, in opposing MCG's motion to dismiss, Veracity stated that it "asserted the dispute over the amount and its right to recover any overpayments" in order to "avoid any argument of waiver down the road." Veracity reiterated this point in opposing MCG's motion for attorney fees, asserting that "its recitation of the underlying facts and litigation" was included in its complaint "as background information for the Court . . . and to preserve its position that MCG's subject lease is invalid and the

rental amounts are in dispute."[6] These later statements further support that the complaint's allegations about disputed amounts and claimed interests in portions of the rent payments served to reserve Veracity's rights, not to invite the court to resolve those disputes or claims. We therefore conclude that the Interpleader Action was not brought to interpret the Lease and the district court thus erred in awarding attorney fees to MCG on that basis under the attorney fees provision.[7]

## II. The Indemnification Provision

¶23　Veracity next contends that the district court's award of attorney fees is erroneous under the plain language of the indemnification provision. That provision, contained in Paragraph 11.1 of the Lease, states, in relevant part:

> Tenant shall indemnify, defend and hold harmless Landlord . . . from and against all demands, claims, causes of action, judgments, losses, damages, liabilities, fines, penalties, costs and expenses, including attorneys' fees, arising from . . . any litigation commenced by or against Tenant to which Landlord is made a party without willful misconduct or gross negligence on the part of Landlord.

---

6. Veracity's objection to a proposed order to distribute the interpleaded funds was consistent with these statements. In that objection, Veracity noted that it "dispute[d] the amount of rent and [was] pursuing relief from the Utah Court of Appeals" in the Underlying Action.

7. Because of our resolution of this issue, we need not resolve Veracity's alternative argument that MCG was not a prevailing party as against Veracity as required by the attorney fees provision.

Veracity argues that this provision is inapplicable for two reasons: first, because indemnification is available only in third-party actions and, second, because MCG's willful misconduct or gross negligence necessitated and prolonged the Interpleader Action. We address each in turn.

A.    Indemnification Between Contracting Parties

¶24    Veracity asserts that the indemnification provision "does not apply when Veracity sues MCG, but only when MCG is 'made a party' to litigation by some third party." Relying primarily on *American Rural Cellular, Inc. v. Systems Communication Corp.*, 939 P.2d 185 (Utah Ct. App. 1997), Veracity asserts that "attorney fees are not available on an indemnification theory when a contract otherwise provides for attorney fees in an intra-party action."

¶25    MCG contends that this issue is unpreserved and "should not be considered because Veracity never raised the issue" before the district court. MCG also defends the district court's decision on the merits, arguing that the indemnification provision "should be interpreted based on [its] plain language," which does "not necessarily limit the provision to third-party actions." MCG further argues that the Lease's language is distinguishable from the contract in *American Rural Cellular*.

¶26    As an initial matter, we agree with MCG that Veracity did not preserve this issue for appeal. "Generally, we will not consider an issue unless it has been preserved for appeal by first presenting the issue to the district court in such a way that the district court has the opportunity to rule upon it." *Pepperwood Homeowners Ass'n v. Mitchell*, 2015 UT App 137, ¶ 11, 351 P.3d 844. Veracity did not raise the issue of whether the Lease's indemnification provision applies only to third-party actions when it opposed MCG's motion for attorney fees or at any other time before the district court. Because Veracity did not give the

district court an opportunity to rule on the issue, it has not preserved the issue for appeal.

¶27 Nevertheless, Veracity asserts that we may reach the issue under plain error review because "the district court committed plain error when it entered its attorney fee award in conflict with existing case law and the plain language of the Lease." "Under plain-error review, we may reverse the lower court on an issue not properly preserved for appeal if the appellant demonstrates that a prejudicial error should have been obvious to the district court." *Id.* (cleaned up). To show that "the error complained of should have been obvious to the district court," an appellant "must show that the law governing the error was clear at the time the alleged error was made." *Salt Lake City v. Josephson*, 2019 UT 6, ¶ 23, 435 P.3d 255 (cleaned up). "Thus, an error is not obvious if there is no settled appellate law to guide the trial court." *Thomas v. Mattena*, 2017 UT App 81, ¶ 13, 397 P.3d 856 (cleaned up). We accordingly proceed to consider whether the district court plainly erred in awarding fees under the indemnification provision in this intra-party action.[8]

¶28 Veracity points to *American Rural Cellular* in support of its position that the district court's decision was contrary to settled Utah law. In that case, the plaintiff and defendant had an agreement that included an indemnity clause in which the plaintiff agreed to indemnify and hold the defendant

---

8. "Our supreme court recently noted the 'ongoing debate about the propriety of civil plain error review,'" but has not resolved that debate for purposes of Utah law. *Frugal Flamingo Quick Stop v. Farm Bureau Mutual Ins. Co.*, 2018 UT App 41, ¶ 10 n.3, 420 P.3d 57 (quoting *Utah Stream Access Coal. v. Orange St. Dev.*, 2017 UT 82, ¶ 14 n.2, 416 P.3d 553). Because MCG has not challenged the applicability of plain error review, we decline to resolve the debate here. *See, e.g., Gerwe v. Gerwe*, 2018 UT App 75, ¶ 6 n.1, 424 P.3d 1113.

"harmless from all expenses and attorney fees of whatever kind and nature in any way relating to" the parties' agreement. 939 P.2d at 192 (cleaned up). The agreement also had an arbitration clause that referred to attorney fees, stating that "all disputes in connection with [the agreement] shall be settled by means of mandatory binding arbitration" and "all costs of arbitration and reasonable billed attorney's fees shall be paid by the nonprevailing party." *Id.* (cleaned up).

¶29    Reading these provisions together, this court concluded that given the presence of the arbitration clause, which governed disputes between the contracting parties, "the hold-harmless provision does not apply to disputes between [the contracting parties], but instead to disputes between [one of the contracting parties] and third parties." *Id.*; *see also B.J. Barnes & Sons Trucking, Inc. v. Dairy Farmers of Am., Inc.*, Civil No. 2:05-CV-351BSJ, 2007 WL 315708, at *8 (D. Utah Jan. 30, 2007) (explaining that this court in *American Rural Cellular* "declined to read an indemnity provision to include a right to attorney's fees in disputes between the parties, in contrast to defending third-party claims"); *Blaisdell v. Dentrix Dental Sys., Inc.*, 2012 UT 37, ¶ 9, 284 P.3d 616 (reciting *American Rural Cellular*'s holding). The hold-harmless provision therefore did not apply to authorize an award of attorney fees in a dispute between the contracting parties. *American Rural Cellular*, 939 P.2d at 192.

¶30    Although *American Rural Cellular* lends support to Veracity's position, Veracity has not shown that its application to this case is clear enough such that it should have been obvious to the district court. For example, Veracity has not addressed whether the rationale of *American Rural Cellular* applies equally to this interpleader action. Given the specific language in the Lease's indemnification provision and the distinct nature of this particular action, we cannot say that *American Rural Cellular* provided settled appellate law that obviously applied here such

that the district court plainly erred.[9] *See Thomas*, 2017 UT App 81, ¶ 13.

¶31 In short, we conclude that Veracity has not shown "the law governing the error was clear at the time the alleged error was made."[10] *See Josephson*, 2019 UT 6, ¶ 23 (cleaned up). Because

---

9. Veracity also cites other cases for the proposition that contractual indemnification clauses "cannot support an award of attorney fees in intra-party litigation." But those cases involve different contractual language and are not interpleader actions. *See, e.g., Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 191, 198–200 (2d Cir. 2003); *Canopy Corp. v. Symantec Corp.*, 395 F. Supp. 2d 1103, 1107, 1114–16 (D. Utah 2005) (applying Utah law); *Century Village, Inc. v. Chatham Condo. Ass'ns*, 387 So. 2d 523, 523–24 (Fla. Dist. Ct. App. 1980). Moreover, "there is a split of authority as to whether an indemnification provision applies to claims between the parties to the agreement or only to third-party claims." *See NevadaCare, Inc. v. Department of Human Services*, 783 N.W.2d 459, 470–71 (Iowa 2010) (collecting cases). Veracity therefore has not shown that there was pertinent and well-established law to guide the district court such that the alleged error should have been obvious. *See State v. Ross*, 951 P.2d 236, 238–39 (Utah Ct. App. 1997) (considering the status of Utah law and whether other jurisdictions have reached consensus in evaluating whether an alleged error should have been obvious to the district court).

10. In reaching this conclusion, we harbor doubts as to the legal correctness of the district court's decision that the indemnification provision authorizes an award of attorney fees in this case. Yet we are constrained by the plain-error lens through which we must analyze this issue and reject Veracity's argument solely on its failure to establish obviousness of any error.

Veracity thus has not shown that the alleged error should have been obvious to the district court, Veracity has not demonstrated that the district court plainly erred in ignoring *American Rural Cellular* when it awarded attorney fees to MCG under the indemnification provision.[11]

## B.      Willful Misconduct or Gross Negligence

¶32      Veracity asserts that even if the indemnification provision could authorize attorney fees in this action, the provision provides for indemnification only when MCG acts without "willful misconduct or gross negligence." And because Veracity "presented . . . uncontested evidence of MCG's willful misconduct or gross misconduct," which "prolonged and complicated the interpleader action," MCG was not entitled to indemnification. Veracity also argues that the district court did not "disclos[e] its rationale" for awarding fees in the face of Veracity's evidence. MCG counters that "[b]ecause Veracity could have resolved the dispute without filing an action or naming MCG as a party, [Veracity] cannot claim that the action was caused by MCG's willful misconduct or gross negligence."

---

11. Veracity also argues that the award of attorney fees here was barred by *Capson v. Brisbois*, 592 P.2d 583 (Utah 1979), which—according to Veracity—entitled it, as the interpleading stakeholder, "to seek an award of attorney fees," not MCG. Because Veracity raises this argument for the first time on appeal, it again seeks our review of this issue under plain error review. In making this argument, Veracity does not show how *Capson* might operate where, as here, contractual language between the interpleading stakeholder and a defendant arguably might authorize an award of attorney fees. As a result, Veracity has not persuaded us that any alleged error should have been obvious to the district court. *See Thomas v. Mattena*, 2017 UT App 81, ¶ 13, 397 P.3d 856.

¶33 The indemnification provision states that "Tenant shall indemnify, defend and hold harmless Landlord" when, among other things, "Landlord is made a party [to litigation] without willful misconduct or gross negligence on the part of Landlord." Under this plain language, MCG could recover attorney fees only when it has not acted with "willful misconduct or gross negligence."

¶34 For this reason, MCG informed the district court when it moved for attorney fees that "[t]here has been no willful misconduct or gross negligence by MCG." Veracity then contested MCG's assertion, claiming that MCG was "ignor[ing] the genesis of this action." According to Veracity, MCG acted with willful misconduct and gross negligence when it failed "to make monthly mortgage payments of $5,168.72 to Banner Bank" despite receiving "almost double that amount" in monthly rental payments from Veracity and when it failed "to pay its prior counsel." As evidentiary support, Veracity cited correspondence from Banner Bank's counsel and Robinson's demand letter. MCG's conduct, Veracity contended, "resulted in competing demands for Veracity's rental payments, requiring Veracity to file [the Interpleader Action] in order to resolve those demands." Thereafter, MCG did not respond to Veracity's allegations of willful misconduct and gross negligence—even in its reply memorandum in support of its motion for attorney fees. Based solely on the parties' written filings, and without further proceedings, the district court summarily concluded that MCG was entitled to attorney fees under Paragraph 11.1, thereby impliedly concluding that MCG did not act with willful misconduct or gross negligence.

¶35 Generally, "where the inadequacy of the [district] court's findings of fact and conclusions of law results in our inability to ascertain the basis of the district court's decision, we are prevented from effectively reviewing the district court's decision and may remand for the entry of more-detailed findings." *Maak v. IHC Health Services, Inc.*, 2016 UT App 73, ¶ 45, 372 P.3d 64

(cleaned up). This is so because "without insight into the district court's reasoning, we are unable to ascertain whether the district court's [decision] follows logically from, and is supported by, the evidence." *Id.* ¶ 46 (cleaned up).

¶36   For the district court here to award attorney fees to MCG, it was required to decide whether there was an absence of willful misconduct or gross negligence on MCG's part. And where the parties controverted whether MCG acted with willful misconduct or gross negligence, the district court was presented with a factual and legal issue. Although the district court's decision awarding attorney fees implicitly resolved the dispute in MCG's favor, we cannot discern the district court's basis for doing so. In particular, the district court's conclusory award of attorney fees under Paragraph 11.1 does not disclose how the court assessed Veracity's evidence, which went unrefuted, or why the court reached its apparent conclusion that MCG did not commit willful misconduct or act with gross negligence. In other words, the district court did not identify the factual or legal basis for its award.

¶37   Because we lack insight into the district court's rationale for its decision, we cannot effectively review it. We therefore remand the issue of attorney fees under the indemnification provision to the district court for further proceedings, which may require an evidentiary hearing, and for the court to determine the issue anew and to provide reasoned analysis supporting its decision. *See id.* ¶¶ 1, 45–46 (remanding a district court's ruling where this court was "unable to discern the basis for the district court's conclusion" because the ruling did not provide "insight into the district court's reasoning" or "indicate what record evidence supports its determination"); *Tillotson v. Meerkerk*, 2015 UT App 142, ¶ 14, 353 P.3d 165 (same); *see also J. Pochynok Co. v. Smedsrud*, 2005 UT 39, ¶¶ 12–13, 116 P.3d 353 (remanding the issue of attorney fees to the district court where the court's reasoning supporting its award was not

apparent in the record); *Myrah v. Campbell*, 2007 UT App 168, ¶ 36, 163 P.3d 679 (same).

### III. Attorney Fees on Appeal

¶38  MCG asks this court to award it the attorney fees that it incurred in defending this appeal. "Generally, a party that received attorney fees below and prevails on appeal is entitled to fees reasonably incurred on appeal." *Giles v. Mineral Res. Int'l, Inc.*, 2014 UT App 259, ¶ 25, 338 P.3d 825. Because we vacate the district court's attorney fees award to MCG and because MCG has not prevailed on appeal, MCG is not entitled to attorney fees incurred on appeal.

### CONCLUSION

¶39  The district court erred in awarding attorney fees to MCG under the attorney fees provision of the Lease, and its reasoning for awarding attorney fees under the indemnification provision is not adequately detailed to permit meaningful appellate review. Accordingly, we vacate the attorney fees award and remand the case with the instruction that the district court conduct further proceedings and enter the necessary findings and conclusions of law regarding the propriety of awarding attorney fees under the indemnification provision.[12]

---

12. Given our resolution of this case, we need not and do not express an opinion on Veracity's alternative argument that this court's decision in *MCG Southern LLC v. Veracity Networks LLC*, 2018 UT App 33, 415 P.3d 1174, means that the Lease may yet be "found to be invalid" in the Underlying Action and its provisions therefore could not "form a basis for a fee award" in the Interpleader Action.